In re WINFREY STRUCTURAL CON-
CRETE CO., Debtor/Plaintiff,

v.

INTERNAL REVENUE SERVICE,
Defendant.

Bankruptcy No. 80 M 1325.

United States Bankruptcy Court,
D. Colorado.

July 31, 1980.

E. M. Heppenstall, Denver, Colo., for plaintiff.

James W. Winchester, Denver, Colo., for defendant.

MEMORANDUM OPINION AND ORDER

JOHN P. MOORE, Bankruptcy Judge.

THE MATTER before the Court is the Chapter 11 debtor's (Plaintiff's) Complaint to Compel Turnover of Property. The operative facts have been admitted, and the legal questions submitted to the Court on briefs.

On May 14 and 15, 1980, the Defendant (I.R.S.) seized certain "equipment[1] and vehicles" from the Plaintiff to satisfy tax

---

1. The seized items are specifically described on Exhibit A to the Complaint, which is incorpo- rated herein by reference.

liabilities. Subsequently, on June 3, 1980, the Plaintiff filed a petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.* (Code). The issue thus presented is whether this Court has the authority to order the turnover of property seized by the I.R.S. prior to the petition date.

■ At the outset, it must be made clear that this issue no longer depends upon the distinction between summary and plenary jurisdiction, as it did under the former Bankruptcy Act. Under The Code, the subject matter jurisdiction of this Court has been widely expanded to include "all civil proceedings . . . arising in or related to cases under title 11." 28 U.S.C. § 1471(b) (1978). Because the property seized would be used by the Plaintiff/Debtor for its reorganization, this proceeding both arises in and is related to a case under title 11. Hence, insofar as cases such as *Phelps v. United States*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975), turn on the "summary-plenary" jurisdictional distinction, they are not controlling or on point.

In this case of first impression in this district the analysis of the issue begins with the plain language of the applicable Code sections. Section 542(a), entitled "Turnover of property to the estate", provides in part:

[A]n entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title, . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Section 363, entitled "Use, sale, or lease of property", only authorizes a debtor or trustee to use, sell, or lease "property of the estate". Code § 363(b) and (c). Consequently, unless the equipment and vehicles seized by the I.R.S. are "property of the estate", the I.R.S. cannot be compelled to turn them over for the use of the Plaintiff.

As it applies to this proceeding, Code § 541(a)(1) provides that property of the estate includes "all legal or equitable interests of the debtor in property *as of the commencement of the case.*" [emphasis added]

A determination must thus be made of what legal or equitable interests the Plaintiff had in the seized equipment and vehicles as of the commencement of this case. Reference must be made to the Internal Revenue Code and case law for this determination. Section 6331(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 6331, (I.R.C.), authorizes the collection of delinquent tax "by levy upon all property and rights to property . . . for the payment of such tax." Subsection (b) of I.R.C. § 6331 authorizes the seizure and sale of such property and property rights:

The term "levy" as used in this title includes the power of distraint and seizure by any means. . . . In any case in which the Secretary of his delegate may levy upon property or rights to property, he may seize and sell such property or rights to property . . . . .

■ The ultimate question presented is what is left for the original owner after the I.R.S. seizes property. That is, what can be left for the use of the debtor's estate pursuant to § 363 of the Bankruptcy Code after all property and rights to property have been seized? The answer to this question is presented in part by I.R.C. § 6337. The taxpayer whose personal property has been levied retains the right to redeem the property at any time before it is sold. Further, the taxpayer has the right to receive notice of the sale (26 U.S.C. § 6335(b)) as well as surplus proceeds of the sale, if any. 26 U.S.C. § 6342(b).

These interests remain as of the commencement of the case and become property of the estate. It is unsettled whether title actually passes when the I.R.S. seizes property.[2] It is clear, however, that the

---

**2.** *See, Troy Industrial Catering Service v. State of Michigan (In re Troy Industrial Catering Service),* 2 B.R. 521, 1 Collier Bankr.Cases 2d

321 (Bkrtcy., E.D.Mich.1980) and *Bush Gardens, Inc. v. United States,* 5 Bankr.Ct.Dec. 1023 (D.N.J. Nov. 21, 1979), *appeal pending,*

seizure of property is "tantamount" to a transfer of ownership. *United States v. Pittman,* 449 F.2d 623, 626 (7th Cir. 1971). In any case, the title issue need not be decided here, because even if the title remains with the taxpayer upon seizure, such a bare legal title does not include the right of possession. The I.R.S. appears to be under no obligation to return the property unless or until the taxes are paid. *See,* 26 U.S.C. § 6337.

█ The property of the estate consists of the Plaintiff's *remaining interests in the property* as of the commencement of the case. 11 U.S.C. § 541(a)(1) (1978). The estate does *not* acquire all *property* in which the Plaintiff/Debtor has *any* interest. *Bush Gardens, Inc. v. United States, supra* at 1024. The legislative history supports this view:

> Thus, as section 541(a)(1) clearly states, the estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case. To the extent such an interest is limited in the hands of the debtor, it is equally limited in the hands of the estate . . . 124 Cong.Rec. H11,096 (Sept. 28, 1978).

█ Accordingly, while the estate did acquire certain rights in the property, it did not acquire the right to possess the property itself pursuant to Code § 541. Consequently, the property itself cannot be used by the Plaintiff pursuant to § 363 of the Code. Hence, it would neither be within my power nor appropriate to order the property turned over for such use.[3] Only the right to redeem, the right to receive notice of sale and the right to excess proceeds of the sale are property of the estate. These rights are currently in the possession of the Plaintiff, not the Defendant. Accordingly, it is

ORDERED that the Plaintiff's Complaint to Compel Turnover of Property be and it hereby is dismissed.

No. 80–1316 (3rd Cir.) for discussions of this issue.

**3.** *In re Aurora Cord & Cable Co., Inc.,* 2 B.R. 342, 1 Collier Bankr.Cases 486 (Bkrtcy., N.D.

Ill., 1980), *appeal pending,* No. 80 C 396 (N.D. Ill.) is factually distinct in that there, the underlying tax liability was contested.