**In re PARKER GMC TRUCK SALES, INC., Debtor.**

**PARKER GMC TRUCK SALES, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. IP 80–3291 RA.
Adv. No. 80–799.

United States Bankruptcy Court,
S. D. Indiana,
Indianapolis Division.

Aug. 25, 1980.

Leonard Opperman, Hopper & Opperman, Indianapolis, Ind., for debtor-plaintiff.

Robert L. Handros, Dept. of Justice, Tax Division, Washington, D. C., for defendant United States.

**ENTRY**

NICHOLAS W. SUFANA, Bankruptcy Judge.

This cause came on for trial on August 14, 1980. The Court having considered the evidence and the arguments of counsel, makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

1. On May 7, 1980, the Internal Revenue Service assessed withholding and Social Security taxes against the debtor for the first quarter of the year 1980. For said quarter, the debtor deposited with the Internal Revenue Service only the total sum of $30,-645.19 out of the sums which it withheld

from the wages of its employees for such taxes during said quarter. After crediting of the total sum deposited, there remains outstanding the sum of $107,001.51 on said assessment. On June 24, 1980, the Internal Revenue Service filed notice of tax lien for said assessment against the debtor, with the Recorder of Marion County, Indiana.

2. On August 1, 1980, the Internal Revenue Service assessed withholding and Social Security taxes against the debtor for the second quarter of the year 1980. For said quarter, the debtor deposited with the Internal Revenue Service only the total sum of $30,298.04 out of the sums which it withheld from the wages of its employees for such taxes during said quarter. After crediting of the total sum deposited, there remains outstanding the sum of $86,701.96 on said assessment. On August 1, 1980, the Internal Revenue Service filed notice of tax lien for said assessment against the debtor, with the Recorder of Marion County, Indiana.

3. On May 22, 1978, the Internal Revenue Service assessed income tax for the fiscal year ended September 30, 1977, against C & L Realty Corporation. The sum of $12,572.46 is outstanding on said assessment. On June 24, 1980, the Internal Revenue Service filed notice of tax lien for said assessment against the debtor, as surviving corporation of merger between the debtor and C & L Realty Corporation.

4. On or about August 1, 1980, the Internal Revenue Service seized all of the debtor's property located at its principal place of business, for collection of the tax liabilities set forth above, pursuant to Section 6331 of the Internal Revenue Code of 1954.

5. On August 8, 1980, the debtor filed a petition for an arrangement under Chapter 11 of the Bankruptcy Code. On the same date, the debtor filed its complaint commencing this adversary proceeding for turnover of the property seized by the Internal Revenue Service, under Section 542 of the Bankruptcy Code. Also, on the same date, upon the representation of the debtor that an emergency existed, the Court ordered *ex parte* that the defendant file its answer no later than August 13, 1980, and fixed the date of trial as August 14, 1980.

6. In view of the debtor's past history of failure to pay its employment taxes, the debtor has failed to show that its financial condition, its cash flow and its future prospects are adequate for it to have any reasonable expectation of successfully continuing to operate its business and currently paying the additional employment taxes which would accrue during bankruptcy as a result of such operation, if the seized property were returned to it. For the same reason, there is no reasonable prospect that the debtor could confirm a plan of arrangement. The debtor is likely to be converted to a liquidating bankruptcy, even if the seized assets were returned to it.

7. The debtor is unable to provide the defendant adequate protection under Sections 363(e) and 361 of the Bankruptcy Code, if the seized assets were returned to it. Any protection provided by the debtor would not be binding on a trustee in bankruptcy or other creditors in the event of a liquidating bankruptcy, which is likely to occur, and the defendant would then be relegated to a position far inferior to the one it now occupies, under Section 724(b) of the Bankruptcy Code.

## CONCLUSIONS OF LAW

1. Section 542 of the Bankruptcy Code requires delivery to the debtor of property which it "may use, sell or lease under Section 363 * * *." Section 363 of the Bankruptcy Code allows the debtor to use, sell or lease "property of the estate". Section 541(a) of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." Section 541 "is not intended to expand the debtor's rights against others more than they exist at the commencement of the case." House Report No. 95–595, 95th Cong. 1st Sess. (1977) 367–8, U.S.Code Cong. & Admin.News at 6323; Senate Report No. 95–989, 95th Cong. 2d Sess. (1978) 82–3, U.S.Code Cong. & Admin.News 5787.

If the debtor holds only bare legal title to property, this is all it acquires upon filing of bankruptcy. An interest in property which is limited in the hands of the debtor before bankruptcy, is equally limited in the hands of the estate after bankruptcy. 124 Cong. Rec. H 11,096 (Sept. 28, 1978); S 17,413 (Oct. 6, 1978). Accordingly, the estate can obtain no greater interest in property than the debtor had before bankruptcy.

 2. The only rights which the debtor had in the seized property as of the date of bankruptcy, were: (a) a right to redeem the property by full payment of the tax and the expenses of seizure, under Section 6337(a) of the Internal Revenue Code of 1954; (b) a right to have the net proceeds of sale by the Internal Revenue Service applied to its tax liabilities, under Section 6342 of the Internal Revenue Code of 1954; and (c) a right to any surplus proceeds of sale by the Internal Revenue Service, under Section 6342.

3. The rights enumerated above are the only rights in the seized property which became property of the estate under Section 541 of the Bankruptcy Code. The debtor did not have a right to return of the property without payment of the tax and no such right became property of the estate. The seized property itself did not become part of the estate, but only the rights of the debtor therein, as enumerated above, became part of the estate. Therefore, the debtor has no right to turnover of the property itself under Section 542 of the Bankruptcy Code.

4. The defendant here does not challenge the jurisdiction of the Court and there is no issue as to jurisdiction. The jurisdiction of the Court to decide this case on the merits is conceded by all parties. The Court has jurisdiction of the parties and the subject matter of this action. The conclusions of the Supreme Court with respect to jurisdiction under the old Bankruptcy Act, in *Phelps v. United States*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975), are not applicable under the new Bankruptcy Code. Nevertheless, the conclusion of the Supreme Court in *Phelps* that, under the applicable provisions of the Internal Revenue Code, the Government has "full legal right" (p. 337, 95 S.Ct. p. 1732) to the seized property, remains valid, under the new Code.

5. The Court here follows the decision in *Bush Gardens, Inc. v. United States*, 10 B.R. 506 (Bkrtcy., N.J., 1979). The Court declines to follow the contrary decisions in *Troy Industrial Catering Service v. State of Michigan*, 2 B.R. 521 (Bkrtcy., E.D.Mich., 1980) and *Matter of Aurora Cord and Cable Company*, 2 B.R. 342 (Bkrtcy., N.D.Ill., 1980), because those cases misconstrue Section 541 of the Bankruptcy Code as including in the estate all property in which the debtor has any interest. Section 541 includes in the estate all interests which the debtor has in property; this is not the same as all property in which the debtor has any interest. Furthermore, the Government was not a party to *Troy Industrial Catering* and discussion of its rights in that case is dicta.

6. Judgment will be entered dismissing the complaint. The Internal Revenue Service is free to proceed with sale of the property under seizure.