In re Gary D. KING, Gayla M. King, Debtors.

Gary D. KING, Gayla M. King, Plaintiffs,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION, Defendants.

Bankruptcy No. 381–00152.
Adv. No. 381–0032.

United States Bankruptcy Court,
M. D. Tennessee.

Feb. 27, 1981.

Wm. Bracken Ingram, Nashville, Tenn., for plaintiffs.

D. Reed Houk, Nashville, Tenn., for defendant.

## MEMORANDUM

PAUL E. JENNINGS, Bankruptcy Judge.

This matter is before the court upon complaint filed by the debtors in the case to order creditor to turn over property pursuant to 11 U.S.C. § 542. The following shall constitute findings of fact and conclusions of law pursuant to Rule 752, F.R.B.P.

Plaintiffs purchased a 1979 Toyota truck and granted a security interest therein to General Motors Acceptance Corporation (GMAC). Payments were made through July, 1980. On or about January 10, 1981, defendants repossessed the vehicle according to rights granted by T.C.A. § 47–9–503. Subsequently plaintiffs on January 16, 1981, filed a petition for relief under Chapter 13 of Title 11. Testimony at trial indicates that the debtors are both employed and have no means of transportation other than the truck in question.

The issues presented are (1) what legal and equitable interests did the plaintiffs have following repossession of the vehicle and prior to its sale and (2) whether those rights provide a sufficient basis for a turn-over order.

The parties do not dispute that plaintiffs have under the Uniform Commercial Code the right to reasonable notification of the time and place of the sale of the collateral under T.C.A. § 47–9–504; the right to require defendants to account for any surplus under T.C.A. § 47–9–504; and the right to redeem the collateral under T.C.A. § 47–9–506.

A number of recent cases have examined the nature and extent of the property rights of the debtor's estate following pre-petition seizure. In *In re Bush Gardens, Inc.*, 10 B.R. 506, 1 C.B.C.2d 134 (Bkrtcy.N. J.1979) the Internal Revenue Service seized the debtor's liquor license. In determining what rights pass to the estate under 11 U.S.C. § 541, the court recognized that both the debtor and the United States continue to have rights in the property with neither having a totality of rights to it. Concluding that the right of redemption granted by the Internal Revenue Code was substantially less than the interest of the United States in the license, the court refused to grant the turn over order. *Bush Gardens* relies on *Phelps v. United States*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975) which was decided on the distinction between summary and plenary jurisdiction, a distinction abolished by the Bankruptcy Reform Act of 1978.

Similarly in *In re Winfrey Structural Concrete Co.*, 5 B.R. 389, 2 C.B.C.2d 802 (Bkrtcy.Col.1980), the court held that the rights remaining in the debtor's estate following prepetition seizure of equipment and vehicles by the Internal Revenue Service did not include the right to possession of the property. Although the court rejected the *Phelps* rationale, it refused to base a turn over order on the rights passing to the estate, those of notice, accounting and redemption. In yet another Internal Revenue Service case the court in *In re Parker GMC Truck Sales, Inc.*, 12 B.R. 667, 2 C.B.C.2d 1142 (Bkrtcy.Ind.1980), held that the debtor was entitled to possession of the seized property only upon full payment of the taxes owed. The court emphasized the inability of the debtor to adequately protect the creditors interest if a turn over order had been issued.

On the other hand, a number of cases have held that the limited property rights remaining in the debtor's estate following seizure of property are sufficient to ground a turn over order. In *In re Troy Industrial Catering Service*, 2 B.R. 521, 1 C.B.C.2d 321 (Bkrtcy.E.D.Mich.1980) the state of Michigan seized the trucks, inventory and accounts of the chapter 11 debtor. The court held that such seizure did not operate to automatically transfer title to the government and that the debtor retained the requisite interests to compel the state to turn over the property. Recognizing the limited interest remaining in the debtor, the court considered the more than "inconsequential value or benefit" test of § 542. The debtor's having met that test, the court conditioned the turn over upon the debtor's providing adequate protection for the creditor.

The Internal Revenue Service was forced to turn over seized cash and accounts receivable in *In re Aurora Cord and Cable Co., Inc.*, 2 B.R. 342, 1 C.B.C.2d 486 (Bkrtcy. N.D.Ill.1980) where the court grounded its decision on the public policy favoring rehabilitation of debtors and the broader interests of all creditors. Finding that retention of the assets by the creditor would force the chapter 11 debtor into liquidation, the court ordered turn over of the assets with certain safeguards for the protection of the creditor.

The district court in *Cross Electric v. United States*, 11 B.R. 998, 3 C.B.C.2d 277 (W.D.Va.1980) found the public policy favoring rehabilitation of the debtor to be convincing. Recognizing the limited rights of the debtor in such property, the court found them to be significant and a sufficient basis on which to order the property returned to the debtor. A like result was reached in *In re Barsky*, 6 B.R. 624, 6 B.C.D. 1216 (Bkrtcy.E.D.Pa.1980) where the public policy argument was cited by the court as a reason for ordering turn over of property seized by the state of Pennsylvania.

■ This court finds that the property rights passing to the estate include the right to reasonable notice, the right to an accounting, and the right to redeem. The court is persuaded by the public policy favoring rehabilitation of the Chapter 13 debtors and the broader interests of all creditors of the debtor's estate. Without the transportation afforded by the vehicle in question, the success of the Chapter 13

**318**

plan is seriously weakened. Such property is obviously of more than "inconsequential value or benefit" to the estate, the only test required by § 542. Accordingly the court finds that the limited rights passing to the debtor's estate following a prepetition seizure of property are sufficient bases on which a turn over may be ordered.

An appropriate order will be entered.