**In re Harold BARSKY and Jay Barsky, Individually and trading as N. Barsky & Sons (A Partnership), Debtors,**

**Harold Barsky and Jay Barsky, Individually and trading as N. Barsky & Sons (A Partnership), Debtors.**

**and**

**William A. MEEHAN, Trustee, Plaintiffs,**

**v.**

**COMMONWEALTH OF PENNSYLVANIA and Morris J. Cohen & Co. and Philip A. Cocozza, CPA, Defendants.**

**Bankruptcy No. 80–02400K.**
**Adv. No. 80–0655K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

June 4, 1981.

Charles M. Golden, Philadelphia, Pa., for debtors.

Marvin Krasny, Philadelphia, Pa., for Trustee.

Christos Katsaounis, Asst. Atty. Gen., Commonwealth of Pennsylvania Dept. of Revenue, Harrisburg, Pa., for Commonwealth of Pa.

William A. Meehan, Philadephia, Pa., Trustee.

Lawrence J. Lichtenstein, Philadelphia, Pa., for Morris J. Cohen & Co. and Philip A. Cocozza, CPA.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the Court is debtors' complaint for contempt for violation of the automatic stay provision of the Bankruptcy Code, § 362(a), 11 U.S.C. § 362(a)[1].

Debtors filed a proceeding in Chapter 11 of the Bankruptcy Code on September 24, 1980. Shortly thereafter, upon application of a creditor, the instant trustee was appointed. On October 14, 1980, defendant, Commonwealth of Pennsylvania, Department of Revenue ("Department") issued a writ to the defendants, Philip A. Cocozza, C.P.A. and Morris J. Cohen & Co. (hereinafter Accountants) ordering them to appear and produce records[2] relating to prior transactions with the debtors.

The department was conducting a tax investigation of the debtors for the purpose of determining their tax liabilities (Sales and Use tax, Personal Income tax, Withholding taxes, and any other applicable tax) for the 1977, 1978, 1979 years and whether to impose civil fraud penalties and/or institute criminal prosecution for any fraudulent returns, failure to file a return, or willful attempt to evade any tax.

The accountants were employed by the debtors for the years under investigation. The writ requested all work papers and other information regarding the preparation of the various tax returns and other services performed for the debtors by the accountants.

Debtors contend that the Department, by issuing the subpoenas or writs for the production of documents, violated Section 362(a)(1) of the Bankruptcy Code which provides that the filing of a bankruptcy petition operates as a stay of—

---

1. This opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

2. The writ required the following records:

All records for the years 1971 to 1979, inclusive, relating to transactions with the above-named individual in his own name, in the name of Barsky & Sons, or any other known designation, including all names under which the above-named individual operated a business. The records required should include but not be limited to:

1. Accountant's workpapers for any service rendered to Barsky, i. e. audits, tax preparation, management advisory service with copies of all returns for Jay Barsky and Barsky & Sons, including Pennsylvania Personal Income tax, partnership returns and Sales tax returns. Also copies of all Federal and Philadelphia returns for the period.
2. Financial statements, audit reports, and/or net worth statements.
3. Records of all payments from Barsky for services provided for your firm.
4. Any correspondence between Barsky and your firm.

(1) the commencement or continuation including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor . . .

The scope of this paragraph is broad. All proceedings are stayed including arbitration, license revocation, administrative, and judicial proceedings. H.R.No.95–595, 95th Cong., 1st Sess. (1977) 340, U.S.Code Cong. & Admin.News 1978, p. 5787.

We find this paragraph to be inapplicable to the instant issue. The issuance of the process, namely the writ or subpoena, was not issued against the debtors but instead was directed to the debtors' accountants,[3] thereby placing the applicability of this section in doubt.

Nor is the Court certain that the action taken by the Department is a commencement or continuation of a proceeding.

The tax investigation being conducted by the Department is not now before us. The issuance of subpoenas on the accountants does not, in our view, bring § 362(a)(1) into play.

Suffice it to say that any action taken directly against the debtors by the Department, in the absence of any applicable exception to the stay provisions, would appear to be a violation of that broad section. However, in the present posture, we find that no violation of the stay has occurred.

By agreeing to forego a hearing on this matter, the debtors have relied solely on the pleadings to support their complaint. The burden of proof is on the plaintiffs/debtors to establish not only the applicability of the automatic stay provisions, but the alleged violation of the stay which would subject the defendants to a contempt citation. The debtors, by failing to establish that the books and records requested by the Department are property of the debtors or of the estate, have placed the applicability of the stay provisions in doubt. From the present record, one could easily conclude that the property in question is owned by entities other than the debtors or the estate.

Accordingly, the complaint of the debtors for contempt will be dismissed.

3. Complaint, ¶ 6.