In re RAY HEID, INC., Debtor.

RAY HEID, INC., Plaintiff,

v.

INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 80–01113P.
Adv. No. 80–0495.

United States Bankruptcy Court, D. New Mexico.

July 31, 1981.

Daniel J. Behles, Albuquerque, N. M., for plaintiff Heid.

Wayne G. Chew, Albuquerque, N. M., for defendant Internal Revenue Service.

## MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

### LOUIS PUCCINI, Jr., Bankruptcy Judge.

The issue is whether the Bankruptcy Court has the authority to compel the turnover of real and personal property seized by the Internal Revenue Service (IRS) immediately prior to the Debtor's filing of a Chapter 11 proceeding under the Bankruptcy Code. Although this issue has been raised in several jurisdictions with conflicting results, it is one of first impression in this District.

A trial, on expedited notice, was held on November 20, 1980. Plaintiff appeared by its agent and president, and its attorney. Defendant was duly represented at the hearing. Defendant was deemed to have denied all allegations in the complaint.

The events leading up to this trial are uncomplicated. Plaintiff operates a seasonal retail business generally consisting of selling, leasing and repairing ski equipment and services. The Defendant duly filed a tax lien on the premises in September, 1980, and has a valid, uncontested secured claim on the referenced premises. After lawful prior written notice to the Plaintiff, the IRS lawfully seized, on October 1, 1980, the real and personal property of Ray Heid, Inc., its retail business premises located in Ruidoso, New Mexico, for unpaid withholding taxes of over $16,000, by pad-locking the premises, thereby taking effective possession. The seizure prevented Plaintiff from conducting any further business operations on the premises, and obviously deprived Plaintiff of its use. On October 15, 1980, Plaintiff filed a voluntary petition under Chapter 11 of Title 11, United States Code, to reorganize the corporation, and an Order for relief was granted. Thereafter, Plaintiff made demand upon the IRS to return the property to Plaintiff. The IRS refused. On October 30, 1980, Plaintiff filed a Motion for Contempt and an Order to Show Cause against the IRS, alleging that the IRS violated the automatic stay provisions of 11 U.S.C. § 362, by its continuing possession and control, and further, the

Plaintiff was threatened with immediate substantial financial losses since its seasonal ski business was about to commence, and that through operation of the business it could generate income to pay the IRS, and finally alleging that the IRS was adequately protected since the Debtor's equity in the realty alone greatly exceeded the IRS lien claim. The Court, after a hearing on Motion, determined that the IRS and its agents had not violated 11 U.S.C. § 362, were not in contempt of Court, and dismissed the Motion, since the IRS had not taken any action after the Order for relief was entered, it merely maintained the status quo.

Undaunted by this setback, Plaintiff immediately filed an adversary proceeding against the IRS, namely a complaint to void a preferential transfer or for a turnover order under 11 U.S.C. § 542.

Section 542 provides in part:

... [A]n entity, other than custodian, in possession, custody, control during the case, of property that the trustee may use, sell or lease under § 363 of this title ... shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

The term 'entity' under the Bankruptcy Code includes a governmental unit (11 U.S.C. § 101(14)), and 'governmental unit' means a department, agency or instrumentality of the United States (11 U.S.C. § 101(21)). The legislative history indicates that a governmental unit is defined in the "broadest sense", with the limitation that the relationship must be an active one in which the department, agency or instrumentality is actually carrying out some governmental function. *H.Rep.No.95–595*, 95th Cong., 1st Sess. 311 (1977); *S.Rep.No.* 95–989, 95th Cong., 2nd Sess., 24 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

It appears uncontroverted that under the Bankruptcy Code IRS is a governmental agency properly carrying out its govern-

mental function in collecting taxes, and would be an 'entity' which is subject to a turnover proceeding.

Under § 363 (11 U.S.C. § 363), a debtor or trustee may use, sell or lease only "property of the estate". The initial question then, is whether the property seized by the IRS is "property of the estate". The IRS can be compelled to turn over the real property to Plaintiff only if such property is property of the estate.

An estate is created under the Bankruptcy Code upon the commencement of the case. 11 U.S.C. § 541(a). This estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case". 11 U.S.C. § 541(a)(1).

This Court has attempted a thorough search of the legislative history on this subject, however although replete with comments, the historical analysis does not foursquare set out a position on this point. The parties in this matter did not bring any legislative history to the Court's attention.

The Commission Report in general terms states:

"These processes have been continually premised on the need for a way for an "unfortunate debtor" unable to meet his obligations to apportion his assets equitably among his creditors." *Report of Commission on the Bankruptcy Laws of the U. S.*, H.R.Doc.No.93–137, 93rd Cong., 1st Sess., Pts. I and II (1973), as reported; *Collier on Bankruptcy*, 15th ed. 1980, at 63.

This Court believes this procedure will allow a more equitable distribution, rather than have the IRS conduct one of its auction sales which in this Court's experience rarely brings the highest and best price.

The legislative reports can be summarized by the following:

"the estate is comprised of all legal or equitable interest of the debtor in property, wherever located, as of the commencement of the case. *The scope of this paragraph is broad.* It includes all kinds of property, including tangible or intangible property, causes of action (see Bankrupt-

cy Act § 70a(6)), *and all other forms of property currently specified* in section 70a of the Bankruptcy Act § 70a, as well as property recovered by the trustee under section 542 of proposed Title 11, if the property recovered was merely out of the possession of the debtor, yet remained "property of the debtor"." H.R.Rpt.No. 95–595, 95th Cong., 1st Sess. § 541 (1977), U.S.Code Cong. & Admin.News 1978, p. 6323.

However, the report does go on to state: "Though this paragraph will include choses in action and claims by the debtor against others, it is not intended to expand the debtor's rights against others more than they exist at the commencement of the case." H.R.Rpt.No.95–959, 95th Cong., 1st Sess. § 541 (1977), U.S. Code Cong. & Admin.News 1978, p. 6323.

Concerning turnover, the report states: "Subsection (a) of this section requires anyone holding property of the estate on the date of the filing of the petition, or property that the trustee may use, sell or lease under section 363, to deliver it to the trustee." H.R.Rpt.No.95–959, 95th Cong., 1st Sess. § 542 (1977). U.S.Code Cong. & Admin.News 1978, p. 6325.

This section "includes as property of the estate all property of the debtor, even that needed for a fresh start." *Id.*, U.S.Code Cong. & Admin.News 1978, p. 6323. The real property in this case is certainly property Plaintiff needs to effectuate a fresh start or a reorganization. Plaintiff operates a snow skiing and ski rental business. The majority of Plaintiff's income is earned from late November through March. Without the property which the IRS had seized, Plaintiff has no chance to rehabilitate itself; therefore, Plaintiff has no chance to effect a fresh start. Moreover, Plaintiff cannot provide for the "best interest of the creditors". This test, incorporated in 11 U.S.C. § 1129, requires that all creditors receive an amount not less than the amount they would receive if the debtor were liquidated under Chapter 7. H.R.Rpt.No.959, 95th Cong., 1st Sess. 412 (1977). The IRS's seizure frustrates the intent of a Chapter 7

Reorganization, to allow the debtor the chance to repay its creditors.

This Court is well aware of decisions contrary to its holding. These decisions include *In Re Winfrey Structural Concrete Company*, 5 B.R. 389, 2 C.B.C.2d 802 (Bkrtcy.D.Colo.1980); *In Re Bush Gardens, Inc.*, 10 B.R. 506, 1 C.B.C.2d 802 (Bkrtcy.D. N.J.1979), and *In Re Parker GMC Truck Sales, Inc.*, 12 B.R. 667, 6 B.C.D. 899 (Bkrtcy.S.D.Ind.1980). However, this Court does not concur. In the *Winfrey* case, Judge Moore declined to order a turnover in a similar case because he could find no authority in the Internal Revenue Code which provided the debtor with an equitable or legal right of possession to the seized property. After reviewing sections 6331, 6335, 6337 and 6342, of the Internal Revenue Code, this Court agrees that the only rights afforded by the Internal Revenue Code are the right to notice of levy and sale, the right to redeem the property at any time before sale, the right to surplus proceeds of the sale. However, the right to possession must necessarily be supplied from the intent of the Bankruptcy Code: to provide a fresh start for the debtor and to protect the interests of all creditors. Once the debtor's right to possession is recognized, this Court can order a turnover.

The IRS has demonstrated no impairment whatsoever by being required to turn the seized assets over to the debtor or trustee, subject to its lien claim. The Court in each proceeding can insure adequate protection of the IRS claim as well as guaranteeing an orderly, less imperative, disposal of the assets for the benefit of the IRS, the other creditors and the debtor.

The *Parker* case is factually distinguishable from the case at bar. In *Parker*, the Court specifically found that the debtor had failed to show any reasonable expectation of successfully continuing the business and that the IRS was not adequately protected.

In the two hearings in this present case, the IRS did not challenge Plaintiff's evidence that the business could be successfully operated. Moreover, this Court concludes the IRS is adequately protected.

The uncontroverted evidence established that the seized real property had a value of at least $275,000.00 (with one other appraisal estimating the value to be $335,000.00). The encumbrances against the property were approximately $172,000.00, leaving an equity of nearly $103,000.00. This Court's turnover order provides the IRS with adequate protection as required by 11 U.S.C. § 361.

Finally, this Court cannot support the reasoning of the *Bush Gardens* case. In *Bush Gardens*, the Court apparently dismissed the complaint for turnover in reliance upon *Phelps v. United States*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975). *Phelps* involved the issue of summary-plenary jurisdiction. This distinction has been abolished by 28 U.S.C. § 1471, which gives the Bankruptcy Court original and exclusive jurisdiction of all civil proceedings arising in, or related to, cases under the Bankruptcy Code. The *Bush Gardens* case used a balancing test which appears to be identical to the summary-plenary jurisdictional test which Congress has explicitly rejected. This Court will not follow such a balancing test.

The Court holds that the IRS is a "custodian" as defined by § 101(10) of the Bankruptcy Code, as meaning:

"trustee, receiver, or agent under applicable law, or under contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors." 11 U.S.C. § 101(10).

The government or the IRS is nowhere excluded from this definition. This is clearly the purpose of an IRS seizure as defined by § 6331 of the Internal Revenue Code (26 U.S.C. § 6331).

The conclusion is therefore, that the custodian is or may be required, pursuant to § 543 of the Bankruptcy Code (11 U.S.C. § 543), to turn over all property of the debtor. Section (b) of § 543 provides further safeguards for the guardian so as to preclude dissipation of the assets.

"This section requires a custodian appointed before the bankruptcy case to deliver to the trustee and to account for property that has come into his possession, custody, or control as a custodian. "Property of the debtor" in section (a) includes property that was property of the debtor at the time the custodian took the property, but the title to which passed to the custodian." H.R.Rpt.No. 95–595, 95th Cong., 1st Sess. § 543 (1977), U.S.Code Cong. & Admin.News 1978, p. 6326.

This jurisdiction does not stand alone in its belief that it has the power to compel the IRS to turn over seized property necessary to the debtor's Chapter 11 proceeding. This power has also been recognized in *Matter of Aurora Cord and Cable Company*, 2 B.R. 342, 1 C.B.C.2d 486 (Bkrtcy.N.D.Ill. 1980); *Matter of Troy Industrial Catering Service*, 2 B.R. 521, 1 C.B.C.2d 321 (Bkrtcy. E.D.Mich.1980), and *In Re Barsky*, 11 B.R. 478 (Bkrtcy.E.D.Pa.1981). Although *Troy* and *Barsky* deal with seizures by state taxing authorities, the analysis of the debtor's rights to possession is unchanged in light of the above discussed intent of the Bankruptcy Court.

One final point must be mentioned. Plaintiff's complaint also asked that the seizure be voided as a preferential transfer under 11 U.S.C. § 547. However, no evidence was offered to support this allegation, nor was any legal argument offered by any party. This Court, then, will not address such an issue, although it believes no preferential transfer occurred because the requirements of § 547(b)(5) were not met.

The Trustee or the debtor can require the IRS to turn over assets seized, in enforcing a valid lien, prior to the date of an order granting relief. An Order has been previously entered.