In re Robert Wesley FORD, individually, Abbigale Dobson Ford, individually, and d/b/a Ford's Picture & Framing Gallery, Debtors.

Robert Wesley FORD and Abbigale Dobson Ford, individually and d/b/a Ford's Picture & Framing Gallery, Plaintiffs,

v.

SOUTHERN BANK & TRUST COMPANY and Franklin E. West, Sheriff, Charleston, Defendants.

Bankruptcy No. 81–01575.

Complaint No. 81–0722.

United States Bankruptcy Court, D. South Carolina.

April 5, 1982.

Kevin Campbell, Ackerman, Woodard & Campbell, Walterboro, S.C., for plaintiff.

Andrew Kenneth Epting, Jr., Wise, Cole & Pearlman, P.A., Charleston, S.C., for defendant bank.

James L. Bridges, Deputy County Atty., Charleston, S.C., for defendant sheriff.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

### FACTS

On October 26, 1981, Robert Wesley Ford and Abbigale Dobson Ford, individually and doing business as Ford's Picture & Framing Gallery (the debtors), filed for relief under Chapter 13 of the Bankruptcy Code (11 U.S.C. § 1301, *et seq.*).

On June 27, 1980, Robert Ford borrowed $15,702.60 from Southern Bank & Trust Company (Southern) giving Southern a security interest in all inventory, fixtures, equipment, and receivables then owned or thereafter acquired by Ford; and on September 15, 1980, he borrowed $1,582.27 from Southern.

In January 1981, Ford defaulted in his payments to Southern.

Southern sued in state court and obtained a $12,709.51 default judgment on July 24, 1981. The defendant Franklin E. West, as Sheriff of Charleston County, (sheriff) executed on the judgment by placing a seal on the door of the debtors' business on October 20, 1981.

In this adversary proceeding, the debtors want the court: (1) to declare Southern oversecured; (2) to direct the sheriff to release the property taken under execution so as to allow the debtors to resume their selling the property and inventory, which had been seized, in the ordinary course of business free and clear of Southern's judgment lien; and (3) to declare Southern adequately protected by the debtors' making periodic payments to Southern in an

amount set by the court pursuant to the debtors' Chapter 13 plan of arrangement.

Southern moved to dismiss the complaint on the ground that the plaintiff has failed to state facts upon which relief may be granted, contending that the property levied upon by the sheriff prior to the plaintiffs' filing their Chapter 13 petition was not property of the estate as defined by 11 U.S.C. § 541(a)(1)[1], *ergo,* not subject to turnover and administration in this Chapter 13 case.

## ISSUE

The issue is whether the property seized by the sheriff in the levy of execution is property of the estate as defined in § 541 which, pursuant to 11 U.S.C. §§ 363(b)[2] and 11 U.S.C. § 363(c)(1)[3], can be used, sold, or leased by the debtors in their business as authorized by 11 U.S.C. § 1304(b)[4], and, as such, is subject to turnover to the debtors pursuant to 11 U.S.C. § 542(a).[5]

Since the parties have not raised the issue of whether the defendants are custodians subject to the trustee's turnover powers under 11 U.S.C. § 543(b)(1)[6], this court will not address that issue.

1. 11 U.S.C. § 541(a): The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

2. 11 U.S.C. § 363(b): The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

3. 11 U.S.C. § 363(c)(1): If the business of the debtor is authorized to be operated under section 721, 1108, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

4. 11 U.S.C. § 1304(b): Unless the court orders otherwise, a debtor engaged in business may operate the business of the debtor, and, subject

## DISCUSSION AND CONCLUSION

Whether property, seized by a creditor prior to a debtor's filing for relief under the Bankruptcy Code, is subject to the turnover provisions of the Bankruptcy Code is an issue which has resulted in much litigation.

There are cases which have held that a debtor's interest in property seized before that debtor's filing for relief under the Bankruptcy Code is sufficient to render the property "property of the estate", thus, subject to turnover. *Ray Heid, Inc. v. I.R.S.,* 13 B.R. 171, 7 B.C.D. 1198 ·(Bkrtcy.D.N.M. 1981) (Federal tax levy); *Bristol Convalescent Home, Inc. v. I.R.S.,* 12 B.R. 448, 7 B.C.D. 1151 (Bkrtcy.D.Conn.1981) (Federal tax levy); *Alpa Corporation v. I.R.S.,* 11 B.R. 281, 7 B.C.D. 791, 11 B.R. 281 (Bkrtcy. D.Ut.1981) (Federal tax levy); *King v. General Motors Acceptance Corporation,* 14 B.R. 316, 7 B.C.D. 530 (Bkrtcy.M.D.Tenn. 1981); (Repossession by secured creditor); *Charles Villa Company v. Vagts,* 7 B.C.D. 392, 9 B.R. 766 (Bkrtcy.D.Mass.1981) (Repossession by secured creditor); *Barsky v. Pennsylvania,* 6 B.C.D. 1216, 6 B.R. 624 (Bkrtcy.E.D.Pa.1980) (State tax levy); *Troy Industrial Catering Service v. Michigan Department of Treasury,* 5 B.C.D. 1243, 2 B.R. 521 (Bkrtcy.E.D.Mich.1980) (State tax levy);

to any limitations on a trustee under sections 363(c) and 364 of this title and to such limitations or conditions as the court prescribes, shall have, exclusive of the trustee, the rights and powers of the trustee under such sections.

5. 11 U.S.C. § 542(a): Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

6. 11 U.S.C. § 543(b): A custodian shall—(1) deliver to the trustee any property of the debtor transferred to such custodian, or proceeds of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and * * *.

*In re Aurora Cord and Cable Company,* 2 B.R. 342, 1 C.B.C.2d 486 (Bkrtcy.N.D.Ill. 1980) (Federal tax levy).

In a second line of cases, the courts have held that a pre-petition levy deprives the debtor of possession and of all substantial rights in the property levied upon; therefore, the seized property is not property of the estate, and not subject to turnover. *See, United States v. Birco Mining Company,* 14 B.R. 1017, 8 B.C.D. 795, (D.C.N.D. Ala.1981) (Federal tax levy); *In re Avery Health Center; Inc.,* 7 B.C.D. 210, 8 B.R. 1016, 3 C.B.C.2d 728 (D.C.W.D.N.Y.1981) (Federal tax levy); *Flournoy v. National Bank and Trust (In re Adams),* 13 B.R. 281, 7 B.C.D. 1414 (Bkrtcy.M.D.Ga.1981) (Repossession by secured creditor); *Douglas v. United States,* 7 B.C.D. 690, 10 B.R. 283, 4 C.B.C.2d 533 (Bkrtcy.D.Neb.1981) (Federal tax levy); *Parker GMC Truck Sales, Inc. v. United States,* 12 B.R. 667, 6 B.C.D. 899, 2 C.B.C.2d 1142 (Bkrtcy.S.D.Ind.1980) (Federal tax levy); *Winfrey Structural Concrete Company v. I.R.S.* 6 B.C.D. 695, 5 B.R. 389, 2 C.B.C.2d 802 (Bkrtcy.D.Colo.1980) (Federal tax levy); *Bush Gardens, Inc. v. United States,* 5 B.C.D. 1023, 10 B.R. 506 (Bkrtcy.D. N.J.1979) (Federal tax levy).

*Flournoy v. National Bank and Trust* is particularly pertinent authority for denying turnover since that case, like the instant case, involved a non-tax related seizure of a Chapter 13 debtor's property.

This court is aware that the line of cases which require turnover of property seized before a debtor's filing for relief under the Bankruptcy Code may be more conducive to a debtor's "fresh start". *See generally,* Nowak, *Turnover Following Pre-Petition Levy*

*of Distraint Under Bankruptcy Code Section 542,* 55 Am.Bankr.L.J. 313 (1981). Nevertheless, this issue has recently been addressed and resolved in this circuit in *Cross Electric Company v. United States,* 664 F.2d 1218 (4th Cir.1981), which held that an Internal Revenue Service levy on an account receivable of the debtor one month prior to the debtor's filing for relief under the Bankruptcy Code operated as a virtual transfer of the indebtedness to the government. The court pointed out that even though the debtor had the right to redeem the property levied on, he first must have paid the tax due, with costs, and "absent such payment, neither the debtor nor its trustee has any right to the possession of the property, in this case, an account receivable or a right to demand payment to them of such account." *Id.* at 1221.

This court concludes that the effect of the sheriff's levy of execution to enforce the judgment is substantially the same as the effect of the tax levy considered in *Cross Electric.* Both levies deprive the debtor of possession of the personal property. In both instances, the only right of the debtor in the property following the levy is the right to redeem the property by paying the full amount of the debt. Compare 26 U.S.C. § 6337(a) [7] with S.C.Code § 15–39–610 (1976).[8] Under S.C.Code § 15–39–610 (1976), a debtor is allowed only five days following a levy of execution to redeem the property, and after the five-day period passes, the sheriff "shall and may" sell the property levied upon to satisfy the judgment.

As the debtors' petition for relief was filed six days after the levy, arguably, as of the commencement of the case, the debtor

---

**7.** 26 U.S.C.S. § 6337(a): Before sale. Any person whose property has been levied upon shall have the right to pay the amount due, together with the expenses of the proceeding, if any, to the Secretary at any time prior to the sale thereof, and upon such payment the Secretary shall restore such property to him, and all further proceedings in connection with the levy on such property shall cease from the time of such payment.

**8.** S.C.Code § 15–39–610: Property taken under execution shall be sold. When any sheriff or

other officer shall take the lands, tenements, goods and chattels of any person whatsoever by virtue of any execution and the owner of such lands, tenements, goods and chattels shall not, within five days after such taking, satisfy the debt, damages and costs of the party issuing such execution, such sheriff or officer shall and may sell, by auction, the lands, tenements, goods and chattels so taken or so much thereof as shall be sufficient to satisfy the judgment for the best price that can be got for them.

lost even his right to redeem the property. Thus, as a result of the *Cross Electric* case, this court must hold that the property in issue is not "property of the estate" as defined in § 541; therefore, the trustee is not entitled to a turnover pursuant to § 542(a).

It should be noted that the sheriff shall sell only the amount of goods and chattels sufficient to satisfy the judgment, S.C.Code § 15–39–610 (1976), *supra,* and there appears to be nothing which prevents the debtors from bidding at the execution sale, S.C.Code § 15–39–610, *et seq.* (1976).

The motion of the defendant Southern Bank & Trust Company to dismiss the complaint should be granted.

## ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED that the complaint is hereby dismissed with prejudice and judgment entered for the defendants.