In re Ralph N. **BRIDGES** and Edith D. Bridges f/d/b/a Bridges Excavating and Bridges and Chase Excavating, Debtors.

Herbert L. **CHASE**, Sr. and Barbara Chase and Telmark, Inc., Plaintiffs,

v.

Ralph N. **BRIDGES** and Edith Bridges and Thomas G. Ainsworth, Trustee, Ford Motor Credit Company, Commercial Credit Corporation, Defendants.

Bankruptcy No. 281–00426.
Adv. No. 281–0302.

United States Bankruptcy Court,
D. Maine.

April 26, 1982.

Roderick R. Rovzar, Norman & Hanson, Portland, Maine, for debtors/defendants.

Steven Cope, Cope, Cope, & Carlisle, Portland, Maine, for plaintiff.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The Trustee has brought complaints for (1) turnover to the estate; and (2) for sale free and clear of liens of a 1973 Case backhoe currently in the possession of Herbert L. Chase. A hearing was held on April 6, 1982. No party contested this Court's jurisdiction over the proceeding.

On September 4, 1979, the debtors, Ralph and Edith Bridges, borrowed $26,636.13 from Commercial Credit Corporation (CCC) in order to purchase equipment (including the Case backhoe). The debtors transferred to CCC a security interest in the equipment, certain real estate and household furnishings. All parties concede that CCC has a valid, properly perfected, security interest in the Case backhoe.

Testimony revealed that in September 1979, the debtors and Chase formed the Chase and Bridges Excavating Corporation. The equipment purchased by Bridges with the proceeds of the loan from CCC was used by the corporation, though Bridges continued to own the equipment. Chase borrowed $15,000 from CCC, and loaned the proceeds to the corporation.

The corporation apparently did not prosper, for in June, 1980, Ralph Bridges and Chase agreed to dissolve it. In doing so, they signed what purports to be a lease agreement in which Bridges "leased" the Case backhoe to Chase for seven (7) years, the time remaining for repayment of Bridges' loan from CCC. Bridges agreed to continue payments to CCC, and at the end of seven years to convey the backhoe to Chase by bill of sale. In return, Chase agreed to maintain the backhoe, keep it insured, pay registration fees, and pay Bridges a total rent of $1.00. The "lease" was expressly subject to CCC's security interest in the backhoe. Finally, the "lease" stated that as part of Chase's "consideration" he agreed to pay CCC the original $15,000 loan (on which Chase was already personally obligated, but on which Bridges apparently had no personal obligation).

In September, 1981, the debtors filed a joint petition in bankruptcy. CCC sought relief from the automatic stay of 11 U.S.C. § 362 in order to proceed against the real estate and equipment (including the backhoe) subject to its security interest. Because CCC appeared to be oversecured, other creditors raised the issue of marshalling assets subject to CCC's security interest. By agreement of the parties, relief from the stay as to the real estate and equipment other than the backhoe was granted, proceeds of the sale of that property to be paid into the court preserving for future determination the parties' interests therein.

Title 11 U.S.C. § 542(a) provides that an entity in possession of property that the trustee may use, sell, or lease under 11 U.S.C. § 363 shall deliver such property to the trustee unless it is of inconsequential value or benefit to the estate. Section 363(b) provides that the trustee may use, sell, or lease "property of the estate." The trustee may sell property of the estate free and clear of any interest other than the estate's if other interest-holders could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of their interests. 11 U.S.C. § 363(f)(5). The court, upon request, shall condition a sale as is necessary to provide adequate protection of the other parties' interest in the property. 11 U.S.C. § 363(e). "Property of the estate" includes all legal or equitable interests of the debtors in property as of the commencement of the case. 11 U.S.C. § 541(a)(1).

In the instant case, Chase maintains that the "lease" is, in fact, a sales contract, and that the trustee has at most bare legal title to the backhoe. Therefore, Chase argues,

the trustee has no right to possession of the backhoe. *Cf. In re Winfrey Structural Concrete Co.*, 5 B.R. 389, 2 C.B.C.2d 802, 6 BCD 695 (Bkrtcy.D.Colo.1980) (bare legal title in taxpayer remaining after I. R. S. seized property not sufficient to permit court to compel turnover). Here, however, Bridges' interest in the backhoe encompassed the backhoe's continued status as securing CCC's loan to Bridges. The lease clearly reveals the parties' intent that CCC's security interest remain intact: the requirement that the backhoe be insured and maintained in good condition preserved its value as security for CCC; the term of the "lease" corresponded to Bridges' repayment schedule on the underlying loan owed to CCC; and the lease expressly subjected the backhoe to CCC's security interest. Thus, Bridges retained a substantial interest in the backhoe during the term of the lease— should he default upon his loan, the amount of any deficiency owed CCC, or the amount of other encumbered property foreclosed upon by CCC would potentially be reduced by the value of the backhoe (because the proceeds CCC recovered from foreclosing upon the backhoe would reduce Bridges' debt to CCC). This interest is of benefit to the estate—by satisfying part of CCC's secured claim with the backhoe, other estate property may be released from CCC's security interest. Chase can be adequately protected by providing that his interest in the backhoe attach to the proceeds of the sale.[1] Nothing indicates that the Case backhoe is unique, or that money damages could not afford Chase an adequate remedy. Therefore, Chase is ordered to turn over the backhoe to the trustee, who is authorized to sell it free and clear of all interests, such interests to attach to the proceeds. Proceeds shall be paid into the Court pending further order.

1. CCC does not oppose the trustee's com-    plaints.