In re CROSS ELECTRIC COMPANY, INC., Debtor.

CROSS ELECTRIC COMPANY, INC., Plaintiff,

v.

COMMISSION OF INTERNAL REVENUE SERVICE and James D. Fralin, d/b/a J. H. Fralin & Sons, Defendants.

Bankruptcy No. 7–80–01033.
Adv. No. 7–80–0225.

United States Bankruptcy Court, W. D. Virginia.

Oct. 3, 1980.

M. Lanier Woodrum, Roanoke, Va., for debtor/plaintiff.

Paige E. Reffe, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is whether an Internal Revenue Service (IRS) levy upon account receivable made prior to the filing of the Chapter 11 case excludes from the jurisdiction of this Court account receivable and the request for turnover by the Plaintiff, the Debtor herein.

The facts are not disputed. The Debtor, an electrical contractor is subcontractor of James D. Fralin, d/b/a J.H. Fralin & Sons (Fralin), one of the Defendants herein. The Debtor has an account receivable due from Fralin upon a contract between the sums of $5,000.00 and $10,000.00 depending upon the disputed items claimed by Fralin. The undisputed sum is $5,672.65, which Fralin acknowledges to be due the Debtor.

On August 21, 1980 IRS served a levy upon Fralin for taxes alleged to be due and owing by the Debtor. On September 18, 1980, the Debtor's Chapter 11 petition was filed in this Court.

The Debtor is without funds to meet its payroll and other expenses and continue work on contracts now in existence. Debtor represented to the Court its inability to raise cash, due to tax levies upon its equipment and accounts receivable although unencumbered for the most part.

This is a case of first impression before this Court under the Bankruptcy Reform Act of 1978 (Code). Other courts have considered this issue arising at different results in their construction of the Code and the related pre–Code case of *Phelps v. United States* 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975). After careful review of the authorities cited by Counsel, it appears that the well reasoned Opinion *In Re: Aurora Cord and Cable Company, Inc.*, 2 B.R. 342 (Bkrtcy.N.D.Ill.1980) 5 B.C.D. 1310 as supplemented by the reasoning of this Court *In Re: VanDeVeer* (W.D.Va.1976) 2 B.D.C. 1590, 11 C.B.C. 542 appears to accord with a proper construction of the provisions of the Code as it relates to the issue in question. Accordingly, this Court adopts the views expressed by Judge Eisen in *Aurora, Supra* as supplemented with the reasoning of *VanDeVeer, Supra* and concludes and accordingly

## ADJUDGES AND ORDERS

that this Court has jurisdiction to hear and dissolve the levy of the Internal Revenue Service, that turnover of the funds in question is hereby directed from Fralin to the Debtor in the sum of $5,672.65 or such additional sum as may have been due and owing from Fralin to the Debtor upon the debt of the petitioner herein; that IRS shall have a continuing lien and secured claim upon all collateral owned by the Debtor or hereafter acquired to the extent of the amount of funds payable from Fralin to the Debtor which secured position is hereby adjudged adequate protection for the lien rights of IRS upon the levy in question.

It is further

## ORDERED

that the funds paid by Fralin to employees of Cross in the sum of $1,320.00 is approved.

Counsel for Fralin and the Debtor shall tender to the Court an order directing disbursement of such sums as may be due

from the Debtor to Business Communications Company, Inc. and Noland and Company and as will protect Fralin in its status as a general contractor in these premises.