In re AVERY HEALTH CENTER, INC., Debtor.

Bankruptcy No. 81–10130.

CIV–81–51.

United States District Court, W. D. New York.

Jan. 28, 1981.

D. Patrick Mullarkey, Jonathan B. Forman, Tax Division Attys., Dept. of Justice, Washington, D. C., for petitioner.

Vincent R. DiPasquale, DiPasquale & Halsbeck, Buffalo, N. Y., for respondent/debtor.

## MEMORANDUM

ELFVIN, District Judge.

My Order dated and filed January 21, 1981 set aside an order of the Bankruptcy Court which would have required the United States Internal Revenue Service ("the IRS") to turn over to the debtor property which the IRS had levied upon and seized. This Memorandum is entered in explanation of such Order.

The debtor, Avery Health Center, Inc., is engaged in the sale of drugs, sundries and pharmaceuticals at a store located at 2595 Delaware Avenue, Buffalo, N.Y. The IRS had made an assessment of tax against the debtor for the tax periods from and including the first quarter of 1979 through the third quarter of 1980. Said assessment totals $31,645.96 and represents amounts due as employees' withheld taxes. The IRS gave notice and demanded payment of the assessment pursuant to section 6303 of the Internal Revenue Code [1] August 13, 1980, October 15, 1980 and December 19, 1980. The debtor having failed to pay the taxes, the United States Magistrate issued a warrant January 6, 1981 for the IRS to enter the debtor's store to levy upon and seize the debtor's inventory and equipment pursuant to section 6331 of the Internal Revenue Code.[2] The IRS effected said levy and seizure January 13, 1981.

Two days later, the debtor filed a reorganization petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq. The Bankruptcy Court issued an order January 16, 1981 for the IRS to show cause why it should not be enjoined from proceeding with its seizure of the debtor's property under the automatic stay provisions of the Bankruptcy Code.[3] After a hearing Janu-

---

1. Section 6303(a) requires the IRS to give notice and demand payment of a tax assessment "as soon as practicable, and within 60 days," after making the assessment. 26 U.S.C. § 6303(a).

2. Section 6331 provides:
"(a) Authority of Secretary or delegate.—If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax * * * by levy upon all property and rights to property * * * belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. * * *
"(b) Seizure and sale of property.—The term 'levy' as used in this title includes the power of distraint and seizure by any means. * * * In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible)."

3. With certain exceptions inapplicable here, the filing of a bankruptcy petition stays:

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case * * * or to recover a claim against the debtor that arose before the commencement of the case * * *;
"(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case * * *;
"(3) any act to obtain possession of property of the estate or of property from the estate;
"(4) any act to create, perfect, or enforce any lien against property of the estate;
"(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case * * *;
"(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case * * *;
"(7) the setoff of any debt owing to the debtor that arose before the commencement of

ary 19th the Bankruptcy Court concluded that the automatic stay provisions apply to the IRS's seizure of the debtor's inventory and entered its order January 20, 1981 requiring the agency to turn over the levied property to the debtor. The Bankruptcy Court also denied the IRS's request for a stay of said order pending appeal. The IRS immediately filed in this court a Notice of Appeal and a motion for a stay of the Bankruptcy Court's order. The motion was brought on for argument the same day and, at the conclusion of oral argument, I stayed the Bankruptcy Court's order pending my decision on the merits of this appeal. I entered an Order the following day, January 21, 1981, setting aside the Bankruptcy Court's turnover order and promised that an explanatory memorandum would be forthcoming.

This appeal presents the question whether property which has been levied upon and seized by the IRS pursuant to section 6331 before the commencement of a bankruptcy case must be turned over to the debtor after the taxpayer files a petition in bankruptcy. Under the Bankruptcy Act of 1898, the answer to this question would be clear. In *Phelps v. United States*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975), the Supreme Court of the United States held that the government's pre-filing levy upon property in the hands of an assignee for the benefit of creditors gave the government constructive possession over said property. The Court therefore concluded that such property was beyond the jurisdiction of the Referee in Bankruptcy and could not be subject to the Referee's turnover order.

However, the Bankruptcy Reform Act of 1978 grants the bankruptcy court jurisdiction over all civil proceedings in or related to cases under the new Bankruptcy Code. 28 U.S.C. § 1471. This extensive grant abolishes the possession of property as the basis for the bankruptcy court's jurisdiction.[4] Thus, to the extent that *Phelps* turned on the limited jurisdiction of the bankruptcy courts under the Bankruptcy Act of 1898, it is no longer controlling. Some courts have therefore concluded that under the Bankruptcy Code the IRS may be ordered to turn over property which has been seized prior to the filing of the bankruptcy petition pursuant to a tax levy. *Cross Electric Company, Inc. v. United States*, 7 B.R. 26, 6 B.C.D. 1348 (Bkrtcy.Ct. W.D.Va.1980); *Matter of Aurora Cord & Cable Co.*, 2 B.R. 342, 1 C.B.C.2d 486 (Bkrtcy.Ct.N.D.Ill.1980); *Troy Industrial Catering Service v. State of Michigan*, 2 B.R. 521, 1 C.B.C.2d 321 (Bkrtcy.Ct.E.D. Mich.1980). Other courts have continued to hold that levied property may not be the subject of a turnover order. *In re Winfrey Structural Concrete Co.*, 5 B.R. 389, 2 C.B. C.2d 802 (Bkrtcy.Ct.D.Colo.1980); *In re Bush Gardens, Inc.*, 1 C.B.C.2d 134 (Bkrtcy. Ct.D.N.J.1979). My analysis leads me to conclude that the latter cases have reached the correct result.

The essential turnover provision of the Bankruptcy Code is section 542(a), which requires an entity in possession of "property that the trustee may use, sell, or lease under section 363" of the Code to deliver such

---

the case * * * against any claim against the debtor; and

"(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor." 11 U.S.C. § 362(a).

4. Senate Report 95–989 describes the impact of the Bankruptcy Reform Act on the jurisdiction of the bankruptcy court as follows:

"[The Act] grants to the U.S. district courts original, but not exclusive, jurisdiction of all civil proceedings arising under title 11 or arising under or related to cases under title 11. This broad grant of jurisdiction will enable the bankruptcy courts, which are created as adjuncts of the district court for the

purpose of exercising the jurisdiction, to dispose of controversies that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in the State court or in the Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy court. The idea of possession and consent as bases for jurisdiction is eliminated. The adjunct bankruptcy courts will exercise in personam jurisdiction as well as in rem jurisdiction in order that they may handle everyting that arises in a bankruptcy case." S.Rep. 95 989, U.S.Code Congressional and Administrative News, 95th Cong., 2d Sess., at 5787, 5939.

property to the trustee. 11 U.S.C. § 542(a). Section 363 authorizes the trustee to use, sell, or lease "property of the estate." "Property of the estate" is generally defined by section 541(a)(1) as "all legal or equitable interests of the debtor in property as of the commencement of the case." Therefore, in order to determine whether property which has been seized pursuant to a tax levy is property of the estate which must be turned over to the trustee, the nature and extent of the debtor's interests in such property must be defined.

■ Section 6331 of the Internal Revenue Code authorizes the IRS to collect unpaid tax assessments by levy upon the taxpayer's property. A levy includes the power to distrain and seize said property.[5] After levy upon and seizure of the property, the government is empowered to sell the property, subject to the following restrictions: (1) the proceeds of the sale must be applied toward payment of the underlying tax liability;[6] (2) any surplus remaining after payment of the tax liability and expenses of sale must be returned to the taxpayer or other lien creditor(s);[7] and (3) the taxpayer may redeem the levied property at any time prior to sale by tendering payment of the outstanding liability.[8] The IRS must follow certain procedures in making the sale; these procedures include the giving of notice of the sale to the taxpayer.[9]

■ These restrictions precisely define the taxpayer's interests in property which has been levied upon and seized by the IRS. Such interests are limited to the right to have the proceeds of the sale applied to the liability, the right to receive the surplus (if any) from the sale, and the right to redeem the property; they do not include the right to use, sell or lease the levied property. Upon the commencement of a bankruptcy case by the filing of a petition, the trustee succeeds only to the debtor's property interests at the time the petition is filed. 11 U.S.C. § 541(a)(1).[10] Inasmuch as the debtor has no right to use, sell or lease the levied property, the trustee similarly has no such right. Therefore, the IRS may not be ordered to turn over the levied property under section 542 of the Bankruptcy Code.

■ It is true, of course, that a tax levy does not destroy all interests of the taxpayer in the levied property.[11] A tax levy does, however, severely diminish the taxpayer's property rights and transfers such rights to the United States. Recognition of this principle led the United States Supreme Court, in *Phelps v. United States, supra* 421 U.S. at 337, 95 S.Ct. at 1732, to declare that a tax levy gives the government "full legal right" to the levied property as against the receiver in bankruptcy. Courts which have held that property subjected to a tax levy must be turned over to the trustee have not fully considered the effect of a tax levy on the taxpayer's property rights.[12] A levy

---

5. *See* note 2, *supra*.

6. 26 U.S.C. § 6342(a). *See, also, United States v. Pittman,* 449 F.2d 623, 626 (7th Cir. 1971).

7. 26 U.S.C. § 6342(b).

8. 26 U.S.C. § 6337(a). In the case of real property, the taxpayer may redeem the property within 120 days after the sale. 26 U.S.C. § 6337(b).

9. 26 U.S.C. § 6335.

10. The commencement of a bankruptcy case does not "expand the debtor's rights against others more than they exist at the commencement of the case." H.Rep. 95–595, U.S.Code Congressional and Administrative News, 95th Cong., 2d Sess., at 6323.

11. It is unclear whether a tax levy operates to transfer actual title to the property from the owner to the United States. *Compare, Phelps v. United States, supra,* at 337, n.8, 95 S.Ct. 1733, and *United States v. Pittman, supra,* n.6, with *Bennett v. Hunter,* 9 Wall. 326, 76 U S. 326, 336-7, 19 L.Ed. 672 (1870). *See, Troy Industrial Catering Service v. State of Michigan, supra,* 2 B.R. 521, 1 C.B.C. at 326, n.4; *In re Bush Gardens, Inc., supra,* at 138–9. This issue need not be resolved for purposes of deciding the current appeal. What is important here is not whether the debtor has title to the levied property but whether the debtor has a right to possess and use such property.

12. For example, in *Cross Electric Company, Inc. v. United States, supra,* 7 B.R. 26, 6 B.C.D. at 350 -1 the court noted that even after a tax levy has been effected "the debtor still retains some interest in the property * * *." The

and seizure of property by the IRS transfers from the taxpayer to the government the precise property right involved in a turnover proceeding—namely, the right to sell the levied property and to exclude others, such as the debtor, from using, selling or leasing the same. The Bankruptcy Code requires the turnover of property which the trustee may use, sell or lease; it does not require the turnover of property in which the debtor merely has some other interest.

■ The debtor has argued that the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362, apply to the IRS and that the Bankruptcy Court's turnover order was therefore proper. The stay provisions apply only prospectively. They do not undo the IRS's seizure of the debtor's property prior to the commencement of the case. The levy and seizure having been accomplished before the bankruptcy petition was filed, the automatic stay provisions of the Bankruptcy Code do not revoke the rights obtained by the IRS with respect to the debtor's property through such levy and seizure.

Certain further considerations are not before me but probably must be dealt with in and by the Bankruptcy Court. The automatic stay provisions may prevent the IRS from unilaterally *exercising* its right to sell the levied property. Such may fall within the purview of 11 U.S.C. § 362(a)(6) as an "act to collect * * * a claim that arose before the commencement of the case." Therefore, before it may sell the levied property, the IRS may have to seek relief in the Bankruptcy Court from the automatic stay provisions. Any power in that court to condition relief from the stay may enable it to protect the debtor's remaining interests, and those of the debtor's other creditors, in a surplus (over the claim of the IRS) from a sale of the levied property for a fair and reasonably full value. The right to receive such surplus well may be a right which is

"property of the estate" and subject to the Bankruptcy Court's protection.

---

court then stated that "once it has been determined that the debtor has interests in certain property, 11 U.S.C. § 542 comes into play." *Id.*, at 1351. By its own terms, section 542 does not come into play unless the trustee has a right to use, sell or lease the property in question. Because a tax levy transfers this property right from the taxpayer to the government, the trustee has no such right with respect to property levied upon prior to the commencement of the bankruptcy case.