**In the Matter of Donald Calhoun DOUGLAS, Debtor.**

**Donald Calhoun DOUGLAS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 81–295.**
**Adv. No. 81–123.**

United States Bankruptcy Court, D. Nebraska.

April 13, 1981.

David Ryan, Omaha, Neb., for United States.

James Kent, Omaha, Neb., for Donald Douglas.

## MEMORANDUM OPINION

DAVID L. CRAWFORD, Bankruptcy Judge.

This is an action to compel the turnover of property which the I. R. S. seized from the debtor about five days prior to the filing of this Chapter 13 proceeding. The debtor is engaged in the business of snow removal during the winter and landscaping during other seasons and states that the property seized by the I. R. S.—three trucks and an automobile—is necessary to the op-

eration of his business and to the success of his Chapter 13 plan. This hearing was scheduled on an emergency basis on February 26, 1981, due to forecasts of possible heavy snow. Because of the urgency of the situation, I ruled in open court on that date, and am now issuing this opinion in accordance with my prior ruling and order.

The debtor owes the I. R. S. in excess of $45,000.00, almost all of which liability arises from the debtor's failure to pay employee withholding taxes. On or about February 5, 1981, the I. R. S. levied on and seized the vehicles which are the subject of this proceeding. The Chapter 13 proceeding was filed on February 11, 1981, and this adversary proceeding to compel the turnover of the seized property was filed February 26, 1981. The debtor does not contest the fact that some taxes are owed or the validity of the levy and seizure, and the I. R. S. does not contest the fact that at least some of the vehicles are essential to the operation of the debtor's business. The sole issue here is whether property levied upon by the I. R. S. must be returned to the trustee or the debtor upon the filing of a bankruptcy proceeding.

Prior to the enactment of the current Bankruptcy Code, this issue was settled by *Phelps v. United States of America*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975). In that case, the United States Supreme Court held that levy and seizure rendered the United States a genuine adverse claimant and accordingly not subject to the summary jurisdiction of the Bankruptcy Court. *Id.* at 336–37, 95 S.Ct. at 1732–33. The Court stated that levy and seizure gave the United States "full legal right" to the property levied upon. *Id.* at 337, 95 S.Ct. at 1733.

Since the enactment of the current Bankruptcy Code, a split has developed in the courts which have considered this issue. Those courts finding that turnover of seized property may be ordered under the Code have essentially relied on the fact that title to the property does not pass from the debtor until the property is actually sold. These courts have gone on to construe sec-

tion 542 of the Bankruptcy Code to require the turnover of all property in which the debtor has any interest, particularly where the seized property is necessary to the effective rehabilitation of the debtor. *Cross Electric Co., Inc., v. United States of America*, 7 B.R. 26, 6 Bcy.Ct. Dec. 1348 (Bkrtcy., W.D.Va.1980); *Troy Industrial Catering Service v. State of Michigan*, 2 B.R. 521 (Bkrtcy., E.D.Mich.1980); *In re Aurora Cord & Cable Co.*, 2 B.R. 342, 1 C.B.C.2d 486 (Bkrtcy., N.D.Ill.1981). The turnover requirement is contingent upon provision of adequate protection to the I. R. S. *E. g., Cross Electric, supra.*

It appears to be true that title to seized property does not pass until actual sale of such property. *Bennett v. Hunter*, 76 U.S. (9 Wall.) 326, 19 L.Ed. 672 (1869); *In re Brewster-Raymond Co.*, 344 F.2d 903 (5th Cir. 1965). However, my holding in this case does not turn on that issue. Section 542 of the Bankruptcy Code provides for the turnover of property "that the trustee may use, sell, or lease under section 363 of this title . . . . " Section 363(b) of the Code permits the trustee to use, sell or lease "property of the estate." "Property of the estate" is defined in section 541(a)(1) of the Code as "all legal or equitable interests *of the debtor* in property as of the commencement of the case" (emphasis added). Accordingly, if the debtor does not have the right to possess or use the property at the commencement of the case, a turnover action cannot be a tool to acquire such rights.

I find that the debtor's rights in property seized by the I. R. S. are limited to a right of redemption and related rights generally associated with foreclosure of a security interest or mortgage. 26 U.S.C. §§ 6331 through 6343. There is no right to possession or use of the property unless and until the taxes which form the basis for the seizure are paid. Thus, in accordance with the better-reasoned line of cases, I find that the relief sought by the debtor in this proceeding must be denied. *Avery Health Center, Inc.*, 8 B.R. 1016, 47 A.F.T.R. 81–733 (D.C., W.D.N.Y.1981); *Bush Gardens, Inc., v. United States of America*, 10 B.R.

506, 5 Bcy.Ct.Dec. 1023 (Bkrtcy., N.J. 1979); *Winfrey Structural Concrete Co. v. Internal Revenue Service,* 5 B.R. 389, 6 Bcy.Ct.Dec. 695 (Bkrtcy., D.Colo.1980); *In re Paukner,* 10 B.R. 29, 3 Bankruptcy Law Reporter (CCH) para. 67,770 (Bkrtcy., N.D.Ohio 1981).

This result does not necessarily mean that a debtor may obtain no protection from the Bankruptcy Code. Section 362 of the Code prevents the I. R. S. from proceeding with the sale of the property without permission of the Court. See *United States of America v. Smith,* 2 B.R. 417, 5 Bcy.Ct.Dec. 1113 (Bkrtcy., W.D.Mo.1979). Thus a bankruptcy proceeding affords debtors some time to reorganize their affairs as well as an opportunity to negotiate arrangements with the I. R. S.

A separate order in accordance with the foregoing was entered on March 4, 1981.