**In re Katie Robinson ADAMS, Debtor.**

**Joe M. FLOURNOY, Chapter 13 Trustee, Plaintiff,**

v.

**NATIONAL BANK AND TRUST, Defendant.**

Bankruptcy No. 81–40170–COL.

Adv. No. 81–4174–COL.

United States Bankruptcy Court, M. D. Georgia, Columbus Division.

Aug. 13, 1981.

Leslie L. Cohn, Columbus, Ga., for debtor/plaintiff.

J. Barrington Vaught, Columbus, Ga., for defendant.

ALGIE M. MOSELEY, Jr., Bankruptcy Judge.

Prior to filing Chapter 13 case, Bank repossessed Debtor's automobile. Debtor seeks to recover possession, and herein same is denied.

## FINDINGS OF FACT

The facts have been stipulated and are as follows:

### "STATEMENT OF FACTS

The Debtor filed her Chapter 13 Bankruptcy case on March 31, 1981, in this Court. At all times relevant hereto, the Defendant, National Bank and Trust Company of Columbus (hereinafter 'NB&T'), held as security for a loan made to the Debtor, Katie Robinson Adams, a 1976 Buick automobile. This vehicle was repossessed by NB&T on March 13, 1981, due to certain defaults of the Debtor. Prior to that date, NB&T undertook certain collection efforts which resulted in one of the Debtor's daughters calling NB&T on March 5, 1981 requesting that it contact attorney James A. Elkins, Jr., who told NB&T that Mrs. Adams had

discussed filing a Chapter 13. Subsequently, Mr. Elkins called NB&T who advised it that he would not be able to represent Mrs. Adams because he represented one of the creditors in this case, saying he had referred Mrs. Adams to Leslie Cohn. NB&T contacted Mr. Cohn's office on March 5, 1981, and was told he would be out of town until March 9, 1981, but that Mrs. Adams would be filing a Chapter 13 bankruptcy. [The case was filed on the 31st day of March, 1981]. There was no direct communication between NB&T and Leslie Cohn until March 22, 1981, when Mr. Cohn advised the bank he was filing a Chapter 13 petition and he requested the bank to voluntarily return the automobile, indicating to NB&T that the full monthly installment due NB&T would be paid under the Chapter 13 plan as a secured claim and the average [sic] due would be paid under the plan as an unsecured claim. There were several subsequent telephone conversations between NB&T and Mr. Cohn which transpired in an effort to resolve the case, but to no avail.

The Chapter 13 plan, as filed, provides for full monthly payments to NB&T as required in the promissory note executed by the Debtor. The balance, excluding unearned interest, owed by the Debtor to NB&T on March 31, 1981 is $1,487.99 and the value of the vehicle on said date was $1,800.00.

The foregoing Statement of Facts is hereby stipulated to by counsel for the respective parties to this litigation this the 14th day of July, 1981."

## QUESTION

Is Bank required to deliver possession of the automobile to Debtor and be paid through the Chapter 13 plan? This is answered in the negative.

## APPLICABLE LAW

(a) "The commencement of a case . . . creates an estate. Such estate is comprised of all the following property wherever located:

(1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

## CONCLUSIONS OF LAW

The right to possession is not included in any "interest" that Debtor had at the commencement of the case.

## DISCUSSION

The "interest" of the Debtor in the automobile at "the commencement of the case" was the right to redeem by paying to Bank certain items identified in the security agreement and Ga. Code 109A–9–506. To "redeem" carries with it the right of possession. The "interest" of the Debtor "at the commencement of the case" included the right of possession only upon complying with the terms of redemption. Those terms not having been complied with, possession of the automobile is not included in any "interest" that becomes property of the estate.

When the Chapter 13 case was filed, Debtor only had a right of redemption and not a right to cure the default. Any attempt to cure the default under the Plan would be meaningless. *See In re William Henry Robertson, et al, Debtors, The Benford-Whiting Company v. William Henry Robertson, et al,* (Bkrtcy.Colo.1980) 4 B.R. 213, 216.

As of "the commencement of the case," the "interest" that includes possession is in Bank and is property of Bank, not property of the estate. The right of possession not being included in any "interest(s) of the Debtor" in the automobile, Bank is not required to turn it over to Trustee.

Property of the estate in 11 U.S.C. § 541 speaks of "interests" in property. These are intangibles. The parties in bankruptcy cases and proceedings are more interested in tangibles, here an automobile. Here, both Bank and Trustee have respective intangible "interests." The "interest" that includes possession "as of the commencement of the case" determines the right to possession of the automobile, and this "in-

terest" was in Bank "as of the commencement of the case." As said in *In re Parker GMC Truck Sales, Inc. v. United States of America*, 12 B.R. 667 (Bkrtcy.S.D.Ind. 1980),

"Section 541 includes in the estate all interests which the debtor has in property; this is not the same as all property in which the debtor has any interest."

It is obvious that Congress established the date "of the commencement of the case" as the date on which interests were to be determined. The date "of the commencement of the case" is the cutoff date. Without such cutoff date there would always be the question of how far back can one go.

"[3] The property of the estate consists of the Plaintiff's *remaining interests in the property* as of the *commencement of the case.* 11 U.S.C. § 541(a)(1) (1978). The estate does *not* acquire all *property* in which the Plaintiff/Debtor has *any* interest. *Bush Gardens, Inc. v. United States, supra*, [10 B.R. 506, 5 BCD] at 1024. The legislative history supports this view:

Thus, as section 549(a)(1) clearly states, the estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case. To the extent such an interest is limited in the hands of the debtor, it is equally limited in the hands of the estate . . . 124 Cong.Rec. H11,906 (Sept. 28, 1978)."

*In re Winfrey Structural Concrete Company v. Internal Revenue Service*, (Bkrtcy.D. Colo.1980) 5 B.R. 389, 391, 6 BCD 695, 696. Here, a limitation on the interest of the debtor is that debtor is not entitled to have possession and debtor's interest is equally limited in the hands of the estate.

In conclusion, nothing in 11 U.S.C. § 542, Turnover of property to the estate, enlarges Plaintiff's right because the property there referred to in § 363 and § 522 has to do with "property of the estate" defined in 11 U.S.C. § 541 and hereinabove it is shown that the Debtor's "interest" in the automobile "as of the commencement of the case" does not include the right of possession.

In addition to the foregoing cases, see *Bush Gardens, Inc. v. United States*, (Bkrtcy.D.N.J.1979) 10 B.R. 506, 5 BCD 1023; *In re Avery Health Center, Inc.*, (D.C. W.D.N.Y.1981) 8 B.R. 1016, 7 BCD 210; *In re Douglas*, (Bkrtcy.D.Neb.1980) 10 B.R. 283, 7 BCD 690. There are cases which appear to reach a result contrary to the one reached here. See *In re Troy Industrial Catering Service, Debtor, v. Michigan*, (Bkrtcy.E.D.Mich.1980) 2 B.R. 521; *Cross Electric Company, Inc. v. United States of America*, (D.C.W.D.Va.1980) 11 B.R. 998, 6 BCD 1348; *In re Charles Villa Company, Inc.*, (Bkrtcy.D.Mass.1981) 9 B.R. 766, 7 BCD 392; *In re Alpa Corporation*, (Bkrtcy. D.Utah 1981), 11 B.R. 281, 7 BCD 791; *In re Barksky*, (Bkrtcy.E.D.Pa.1980) 6 B.R. 624; *In re King*, (Bkrtcy.M.D.Tenn.1981), 10 B.R. 685, 7 BCD 530.

An Order is entered simultaneously herewith denying and dismissing Plaintiff's Complaint.