**In re Joseph V. LaSPADA and Rose S. LaSpada, Debtors.**

**UNITED STATES of America on Behalf of its agency INTERNAL REVENUE SERVICE, Plaintiff,**

v.

**Joseph V. LaSPADA and Rose S. LaSpada, Defendants.**

**Bankruptcy No. 81–04594K.**

**Adv. No. 82–0383K.**

United States Bankruptcy Court, E.D. Pennsylvania.

April 19, 1983.

Leonard P. Goldberger, Philadelphia, Pa., for debtors/defendants.

Virginia R. Powel, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a complaint by the Internal Revenue Service (I.R.S.) for relief from the automatic stay imposed by § 362 of the Bankruptcy Code. The Debtors have filed a motion to dismiss the complaint which will be granted.[1]

In April of 1980, the I.R.S. levied upon two (2) pieces of real property owned by the Debtors located in Cherry Hill and Wildwood, New Jersey.

These properties were scheduled for tax sale on November 10, 1981, however, the filing of the instant petition for relief under Chapter 11 of the Bankruptcy Code stayed the sale. The I.R.S. alleges that a total of $82,375.67 is due from the Debtors. It is

---

1. This Opinion constitutes the findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

the position of the I.R.S. that the pre-petition seizure of the Debtors' property in and of itself, constitutes grounds for relief from the stay on the basis that such property is no longer property of the Debtors' estate under § 541 of the Code. The Debtors, on the other hand, contend that the complaint fails to state a cause of action upon which relief can be granted under § 362(d) of the Code. The Debtors rely on the Opinion of the Second Circuit of Appeals in *U.S. v. Whiting Pools, Inc.,* 674 F.2d 144, 8 B.C.D. 1138 (2d Cir.1982), wherein the Court of Appeals held that property subject to an I.R.S. levy is property of the estate so long as the property has not been actually sold.

For the reasons set forth herein, this Court will grant the Debtors' motion to dismiss the complaint. Aside from the *Whiting Pools* case, the only other circuit court to address the issue presented by this case has been the Fourth Circuit Court of Appeals. *In re Cross Electric Company, Inc.,* 664 F.2d 1218 (4th Cir.1981). In *Cross,* the I.R.S. levied upon an account receivable of the debtor prior to the date on which the tax payer filed a petition for reorganization under the Bankruptcy Code. The Bankruptcy Court, over the objection of the I.R.S., issued an order "dissolving" the tax levy and directing the holder of the account receivable to turn over the funds to the debtor in possession. Although the district court affirmed the order of the bankruptcy court, the Court of Appeals reversed. The Fourth Circuit recognized that §§ 541 and 542 of the Code require all property of the debtor, wherever located, to be delivered to the trustee. The question addressed by the court was whether the accounts subject to the levy were subject to this turn over requirement. In simpler terms, the issue is whether the debtor retained any legal or equitable interest in the accounts once levy had been duly made. The court found that although the debtor retained the right to redeem the property after the levy, this right was contingent upon payment of the amount of the levy plus costs. The court also noted that there was minimal likelihood that any surplus would remain after

satisfaction of the claim of the I.R.S. The court concluded, therefore, that:

> Since it is thus plain that the trustee is in no position to exercise any of the limited rights it may have to redeem the property levied upon there was no authority in the bankruptcy court to "dissolve" the I.R.S. levy or to order the delivery of the account levied upon by the I.R.S. to the trustee and the government is entitled to collect the account pursuant to its levy.

*Cross,* at p. 1221.

In addressing a similar factual situation, however, the Court of Appeals for the Second Circuit reached a contrary result. In *Whiting Pools, supra,* the debtor in possession appealed from an order of the District Court for the Western District of New York denying the debtor's motion to require the I.R.S. to turn over property seized pursuant to a levy for unpaid withholding and F.I.C.A. taxes. The Circuit Court reversed the District Court; holding that an I.R.S. levy on property in which the debtor has equity does not divest the debtor of all property interests by transferring title to the government.

In the instant case, the record contains no evidence as to the value of the properties seized by the I.R.S. The burden of proof on the issue of the debtors' equity in the properties, or lack thereof, must be borne by the party seeking relief from the stay. 11 U.S.C. § 362(g)(2). Because the I.R.S. has not met this burden, the Court must assume that the debtors do have equity in the properties subject to the levy. Therefore, this case is analogous to the factual situation in *Whiting Pools* and distinguishable from the *Cross Electric* case.

In its brief, the I.R.S. argues that the case *sub judice* is distinguishable from *Whiting Pools,* on the basis that in *Whiting Pools,* the I.R.S. seized all of the debtor's equipment, vehicles, inventory and supplies. In the instant case, the I.R.S. levied upon a beach house and a residence only. The theory of the I.R.S. is that the property

subject to the levy in *Whiting Pools* was necessary for an effective reorganization, while the property subject to the levy in this case is not necessary for reorganization. Although the argument is facially attractive, no such requirement is present in §§ 541 and 542 of the Bankruptcy Code. Section 541 provides for the creation of an estate comprised of "... all legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). This provision does not distinguish between property necessary for reorganization and that which is unnecessary for effective reorganization.

The next argument advanced by the I.R.S. is more thought provoking. As stated above, § 541 defines property of the estate as all legal or equitable interests of the debtor in property, not all property in which the debtor has an interest. The I.R.S., therefore, asserts that the debtor cannot acquire greater rights in the property than that which existed prior to the filing of the petition. Because the debtors' interests were limited to the right to redeem the properties upon full payment of taxes, to receive notice of the sale, and to receive any surplus proceeds, the I.R.S. argues that these are the only rights that should pass to the estate. This Court recognizes that many other courts have found this reasoning persuasive. *See e.g. In re Avery Health Center, Inc.,* 8 B.R. 1016 (D.C. W.D.N.Y.1981); *Parker GMC Truck Sales, Inc. v. United States,* 12 B.R. 667, 6 B.C.D. 899 (Bkrtcy.S.D.Ind.1980); *In re Winfrey Structural Concrete Co. v. I.R.S.,* 5 B.R. 389, 6 B.C.D. 695 (Bkrtcy.D.Colo.1980).

However, many other courts have taken the contrary view expressed by the Court in *Whiting Pools. See, e.g., Matter of Aurora Cord and Cable Co.,* 2 B.R. 342 (Bkrtcy.N.D. Ill.1980); *In re Alpa Corp.,* 11 B.R. 281, 7 B.C.D. 791 (Bkrtcy.D.Utah 1981); *Matter of Bristol Convalescent Home, Inc.,* 12 B.R. 448, 7 B.C.D. 1151 (Bkrtcy.D.Conn., 1981); *Troy Indus., Catering Service v. State of Michigan,* 2 B.R. 521 (Bkrtcy.E.D.Mich. 1980).

This Court has previously ruled upon a similar issue in the case of *In re Barsky,* 6 B.R. 1216 (Bkrtcy.E.D.Pa.1980). *In Barsky,* this Court Ordered the Commonwealth of Pennsylvania to turn over to the estate all property which had been seized pursuant to a tax levy prior to the filing of the bankruptcy petition. This Court relied on the *Aurora* and *Troy* Opinions. These cases rejected any analysis which examined whether any party had a greater interest in the property. As we stated in *Barsky:*

> The taxing authority is an attaching lien creditor in constructive possession of the property. The debtors, however, have not lost their interest in the property.

*Id,* at 1218.

Therefore, we will follow our ruling in *Barsky* which is consistant with the Opinion of the Second Circuit Court of Appeals in *Whiting Pools.* We hold that the pre-petition levy by the I.R.S. or any taxing authority is insufficient in and of itself to divest the estate of all interests in the property.

In its brief, the I.R.S. asks the Court to impose an adequate protection requirement in the event this Court should decide the aforementioned issue in a matter adverse to the I.R.S. We note, however, that this relief is not appropriate. The I.R.S. did not raise the issue of adequate protection in the complaint. Any question of lack of adequate protection is, therefore, not properly before the Court. An Order will be entered dismissing the complaint.