PER CURIAM:
Southern Discount Company appeals an order of the district court affirming the decision of the bankruptcy court permitting the debtor to avoid a nonpossessory, nonpurchase-money security lien in household goods and furnishings. See 11 U.S.C. § 522(f)(2). The appellant maintains that the state law exemptions protected by § 522(f) are limited to the equity owned by the debtor in the property. Additionally, the company suggests that the Georgia legislature intended to “opt out” of the avoidance provisions contained in § 522(f). The district court carefully considered these same contentions and concluded that they were without merit. Agreeing with the district court, we adopt the pertinent part of that opinion, 27 B.R. 592 at 594, as our own and attach it hereto as an appendix. We add only that the appellant’s arguments, which primarily question the soundness of the policy embodied in § 522(f), are more appropriately directed to the legislative branch rather than to the courts.
AFFIRMED.
APPENDIX
IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION
IN RE: JOSEPH THOMAS MADDOX :
and MARY NELL MADDOX, :
Debtors :
SOUTHERN DISCOUNT COMPANY, :
Defendant-Appellant :
: CIVIL NO. : C-82-1535-A
VERSUS :
JOSEPH THOMAS MADDOX and :
MARY NELL MADDOX, :
Plaintiffs-Appellees :
ORDER
The Avoidance of Lien on Household Goods
The appellant claims a security interest in certain of the appellees’ household goods and furnishings which is greater than the equity value of these items. The appellant appeals from the bankruptcy judge’s finding that appellees may avoid this interest under 11 U.S.C. § 522(f).
*1528 11 U.S.C. § 522(f) provides in relevant part as follows:
(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such a lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(2) a non possessory, non purchase-money security interest in any—
(A) household furnishings, household goods, wearing apparel, [or] appliances, ... that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; ...
The apparent intent of this provision is to allow debtors to avoid security interests in some of the items which are described in subsection (b). This subsection, in part, reads:
... an individual debtor may exempt from property of the estate ...—
(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor [on the date of the filing of the petition] specifically does not so authorize.
Georgia chose to “opt out” of the exemptions provided in 11 U.S.C. § 522(d) by providing that an individual debtor whose domicile is in Georgia “is not authorized to apply or utilize and is hereby prohibited from applying or utilizing the provisions of 11 U.S.C. Section 522(d).... ” Ga.Code Ann. § 51-1601 (Harrison Supp.1981). The Georgia statutory scheme did not, however, deprive Georgia debtors of all exemptions which would have been allowed under subsection (d). Georgia law provides an alternative to subsection (d) which tracks that subsection, but changes certain provisions and lowers the dollar amount of some exemptions. See Ga.Code Ann. § 51-1301.1 (Harrison Supp.1981).
The Georgia exemptions provided as an alternative to 11 U.S.C. § 522(d) are available to an individual debtor seeking to avoid security interests through subsections (f) and (b). Subsection (b), which determines which items may be freed of security interests under subsection (f), also provides that “an individual debtor may exempt from property of the estate ... any property that is exempt under ... State or local law that is applicable on the date of filing of the petition.”
One of the Georgia exemptions provides, in relevant part, as follows:
... [A]ny debtor who is a natural person may exempt ... for purposes of bankruptcy, the following property:
(4) The debtor’s interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, [or] appliances ... that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. The exemption of debtor’s interest in the items contained in this subsection shall not exceed $3,500 in total value; ...
Ga.Code Ann. § 51-1301.1(a)(4) (Harrison Supp.1981). Except for the $3,500 limitation, which is not present in federal law, subsection (4) is identical to the corresponding federal provision at 11 U.S.C. § 522(d)(3), including the use of the phrase “debtor’s interest.”
The appellant argues that the phrase “debtor’s interest” in Ga.Code Ann. § 51-1301.1(a)(4) includes only the debtor’s equity in the property listed. The appellant argues that appellants have no “interest” in the property because the amount of appellee’s lien exceeds the value of the property.
If the court were to adopt the interpretation urged by the appellant, 11 U.S.C. § 522(f)(2)(A) would be a meaningless provision. The Georgia provision upon which the appellee bases his argument is identical in relevant part to the corresponding federal provision in 11 U.S.C. § 522(d)(3). If the phrase “debtor’s interest” in 11 U.S.C. *1529 § 522(d)(1) means only the debtor’s equity, then a debtor could, under the federal scheme, avoid liens on property to the extent the property was free of liens. The result would be equally absurd if the court were to hold that a lien might be avoided unless the lien were greater than the value of the property. In that case the phrase “debtor’s interest” would mean the “debt- or’s equity” if the debtor had no equity but would mean the “debtors legal interest” if the debtor had an equity interest in the property.
Congress evidenced its intent to make subdivision (d)(3) serve as the basis of the lien avoidance provision of 11 U.S.C. § 522(f)(2)(A) by making the two provisions applicable to identical property interests of debtors. The appellee [sic] cannot reasonably argue that, by adopting the language of subdivision (d)(3) in Ga.Code Ann. § 51-1301.1(a)(4), the Georgia legislature evidenced its intent to “opt out” of the lien avoidance provisions of subsection (f).
The legislative history of 11 U.S.C. § 522(f), provides ample support for the bankruptcy judge’s interpretation of that section.
[T]he bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may void any judicial lien on exempt property, and any nonpurchase money security interest in certain exempt property such as household goods. The first right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions. The second right will be of more significance for the average consumer debtor. Frequently, creditors lending money to a consumer debtor take a security interest in all of the debtor’s belongings, and obtain a waiver by the debtor of his exemptions. In most of these cases, the debtor is unaware of the consequences of the forms he signs. The creditor’s experience provides him with a substantial advantage. If the debtor encounters financial difficulty, creditors often use threats of repossession of all of the debtor’s household goods as a means of obtaining payment.
In fact, were the creditor to carry through on his threat and foreclose on the property, he would receive little, for household goods have little resale value. They are far more valuable to the creditor in the debtor’s hands, for they provide a credible basis for the threat, because the replacement costs of the goods are generally high. Thus, creditors rarely repossess, and debtors, ignorant of the creditors’ true intentions, are coerced into payments they simply cannot afford to make.
The exemption provision allows the debt- or, after bankruptcy has been filed, and creditor collection techniques have been stayed, to undo the consequences of a contract of adhesion, signed in ignorance, by permitting the invalidation of nonpurchase money security interests in household goods.
H.R.Rep. No. 595, 95 Cong. 1st Sess. 127 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News, pp. 5787, 6087-8.
The appellant argues that the phrase “debtor’s interest” as it appears in Ga.Code Ann. § 51-1301.1(a)(4) must be interpreted to mean only the debtor’s equity because it has such a meaning in other subsections of Section 51-1301.1, citing In re Curry, 18 B.R. 358, 360 (Bkrtcy.N.D.Ga.1982) and In re Adams, 13 B.R. 281 (Bkrtcy.M.D.Ga. 1981). In re Curry does not, however, hold that the term “debtor’s interest” means the “debtor’s equity.” The bankruptcy judge in that case ruled that a lien on the debtor’s pickup truck could not be avoided because the truck was not a “tool of the trade” within the meaning of 11 U.S.C. § 522(f). The bankruptcy judge did not address the meaning of the phrase “debtor’s interest.” *1530 The Adams case discusses the meaning of the term “interest” in the context of 11 U.S.C. § 541(a)(1), not in the context of 11 U.S.C. § 522. In fact, the Adams case shows that the term “interest,” as used in the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., includes a variety of interests. (“Here, both Bank and Trustee have respective intangible ‘interests’.” 13 B.R. at 282.) 11 U.S.C. § 541(a)(1) specifically refers to “all legal or equitable interests of the debtor in property as of the commencement of the case.” This court must reject the appellant’s narrow interpretation of the phrase “debtor’s interest.” The word “interest” is a broad term encompassing many rights of a party, tangible, intangible, legal and equitable, and the court will not redefine the term to reach the result sought by the appellant.
The appellant also argues that this court should find in its favor on the basis of the reasoning in Matter of McManus, 681 F.2d 353 (5th Cir.1982). In that case a Fifth Circuit panel held that 11 U.S.C. § 522(f) would not permit a Louisiana debt- or to avoid a chattel mortgage on household goods and furnishings because Louisiana “opted out” of the exemption for such goods and furnishings subject to chattel mortgages. Id. at 357. Matter of McManus is inapposite because Louisiana, unlike Georgia, enacted a specific provision to avoid the effects of subsection 522(f) in addition to “opting out” of 11 U.S.C. § 522(d).
Notwithstanding the provisions of R.S. 13:3881(2) and (4) to the contrary, a person who has granted a chattel mortgage on his property described in R.S. 13:3881(2) or (4) may not thereafter claim an exemption from the seizure of such mortgaged property for the enforcement of that mortgage.
LSA-R.S. 13:3885 (emphasis added). Even if the Georgia legislature had enacted such a provision this court might have chosen not to follow the McManus case. Judge Dyer, an Eleventh Circuit Judge sitting on the McManus panel by designation, dissented from the majority opinion. This court finds persuasive Judge Dyer’s argument that the federal statute does not permit a state to “opt out” of the lien avoidance provisions of § 522(f). “And under the supremacy clause, United States Constitution, art. VI, cl. 2, any conflict between the state lien conservation provision and the federal lien avoidance provision must be constitutionally resolved in favor of federal law.” Id. at 358.
Accordingly, the order of the bankruptcy court is affirmed.
IT IS SO ORDERED this 16th day of February, 1983.
/s/William C. O’Kellev WILLIAM C. O’KELLEY United States District Judge