**In re Kirk (NMI) CALDWELL, Sr., Debtor.**

**CHRYSLER CREDIT CORPORATION, Movant,**

v.

**Kirk CALDWELL, Respondent.**

**Bankruptcy No. 87–40811–COL.**

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

Jan. 4, 1988.

---

Brace W. Luquire, Columbus, Ga., for debtor.

Alan F. Rothschild, Jr., Columbus, Ga., for movant.

William E. Tanner, Deputy Trustee, Macon, Ga., for Chapter 13 Trustee.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

This matter is before the Court on Motion for Relief from the Stay filed by the Creditor, with regard to the Debtor's 1983 Nissan station wagon automobile which was financed by the Creditor and repossessed prior to the filing of the Debtor's Chapter 13 case. The Court makes the following Findings of Fact:

### FINDINGS OF FACT

The Creditor has a properly perfected security interest in the collateral. The Debtor was in default and the Creditor properly repossessed the vehicle from the Debtor. The Creditor has not disposed of the vehicle. The Debtor has not made payments to the Chapter 13 Trustee as required by the Bankruptcy Code. The vehicle is presently not insured by the Debtor. The Debtor is married and has three children and is employed on active duty with the United States Army. He used the vehicle to travel to and from his place of employment with the Army. Since the collateral was repossessed on October 26, 1987, he has been required to pay for a rental car or to pay others for gasoline to transport him to and from work. He is a Drill Sergeant and works irregular hours so that commercial transportation is not readily available for him. He has been unable to make the payments required to the Trustee because of the necessity of paying for alternate methods of transportation to and from work.

The Debtor has proposed a Plan which proposes to treat the collateral as fully secured and pay the balance within the term of the Plan. The balance due as of the date of filing was $4,893.75. The evidence showed that there was no equity in the collateral for the Debtor, but that the collateral was necessary for a successful reorganization in that the Debtor needed to use the vehicle for transportation to and from work.

## OPINION

The Creditor cites and relies upon the case of *In re Adams*, 13 B.R. 281, 7 B.C.D. 1414 (Br.M.D.Ga.1981), a decision by former Bankruptcy Judge Moseley in this District. That case involved very similar facts. In that decision Judge Moseley, while recognizing that there was authority to the contrary, held that "[t]he right to possession is not included in any 'interest' that Debtor had at the commencement of the case." He relied upon 11 U.S.C. Section 541 defining property of the estate. In that case Judge Moseley found that the only interest that the debtor had in the collateral was the right to redeem the same by paying the creditor the amount required by its security agreement and the Uniform Commercial Code as adopted in Georgia. At that time at least two other Bankruptcy Courts had reached contrary results in similar circumstances. *See In re King*, 14 B.R. 316, 7 B.C.D. 530 (Br.M.D.Tenn.1981); *In re Charles Villa Co.*, 9 B.R. 766, 7 B.C.D. 392 (Br.D.Mass.1981).

Since the *Adams* decision, the United States Supreme Court has decided the case of *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). That decision resolved a conflict between the Circuits on the issue of whether the debtor retained a sufficient interest in repossessed property upon which the debtor could obtain turnover. In that decision Justice Blackmun stated as follows:

"The House and Senate Reports on the Bankruptcy Code indicate that section 541(a)(1)'s scope is broad. Most important, in the context of this case, section 541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code. See H.R.Rep. No. 95–595, p. 367 (1977). Several of these provisions bring into the estate property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced.

Section 542(a) is such a provision. It requires an entity (other than a custodian) holding any property of the debtor that the trustee can use under section 363 to turn that property over to the trustee. Given the broad scope of the reorganization estate, property of the debtor repossessed by a secured creditor falls within this rule, and therefore may be drawn into the estate. While there are explicit limitations on the reach of section 542(a), none requires that the debtor hold a possessory interest in the property at the commencement of the reorganization proceedings."

462 U.S. at 205–06, 103 S.Ct. at 2313–14. (Footnotes omitted.)

In the view of this Court, the *Whiting Pools* decision indicates that *Adams* should no longer be followed. Therefore, this Court finds that the Creditor's motion for relief from the stay will be denied conditioned upon the Debtor's making full monthly payments to the Trustee under the Plan as proposed and providing proof of insurance as required by the security agreement upon return of the collateral to the Debtor.

This decision is consistent with the decision of other Bankruptcy Courts rendered since *Whiting Pools*. *See e.g. In re Radden*, 35 B.R. 821, CCH Bankr.Dec. Paragraph 69,529 (Br.E.D.Va.1983).

An order will be entered in accordance with this Opinion.