**In the Matter of E.C. BISHOP & SON, INC., Debtor.**

**E.C. BISHOP & SON, INC., Petitioner,**

v.

**DEPARTMENT OF THE TREASURY, UNITED STATES GOVERNMENT, Respondent.**

**Bankruptcy No. 83–1045–1–11.**

United States Bankruptcy Court, W.D. Missouri, W.D.

Aug. 11, 1983.

Fred Bellemere III, Bellemere & Bellemere, Kansas City, Mo., for petitioner.

Ludwig H. Adams, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for respondent.

FINAL DECREE ENJOINING RESPONDENT'S SCHEDULED SALE OF AUGUST 16, 1983, ON CONDITION OF THE PETITIONER'S TIMELY FILING A MOTION FOR RELIEF FROM JUDGMENT IN THE DISTRICT COURT

DENNIS J. STEWART, Bankruptcy Judge.[1]

The petitioner has filed a complaint for relief from the judgment of the district court or in the alternative for an injunction of the sale on August 16, 1983, of certain real property. The real property which is the subject of the within complaint has been the subject of a prior action for turnover filed in this court by the chapter 11 debtor which culminated in a ruling by this court that the property was "property of the estate" within the meaning of section 541 of the Bankruptcy Code. This ruling was appealed by the respondent, who contended that the property had been lawfully seized by the Internal Revenue Service prior to the inception of the chapter 11 proceedings and therefore could not constitute property of the estate. On appeal, the district court held that "real estate seized by the I.R.S. prior to the filing of the bankruptcy petition is *not* property of the bankruptcy estate" and that, therefore, "the I.R.S. may now conduct the sale of the approximately 30 acres of real estate since the real estate is not property of the bankruptcy estate." *In re E.C. Bishop and Son, Inc.,* 19 B.R. 633, 635 (W.D.Mo.1982).

Subsequent to the rendition of the district court's opinion in *In re E.C. Bishop and Son, Inc., supra,* the Supreme Court of the United States, in *United States v. Whiting Pools, Inc.,* —— U.S. ——, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), changed the substantive law upon which the decision of the district court in the *Bishop* case, *supra,* had been based, holding that "the reorganization estate includes property of the debtor that has been seized by a creditor prior to the filing of a petition for reorganization" and that "(n)othing in the Bankruptcy Code or its legislative history indicates that Congress intended a special exception for the tax collector in the form of an exclusion from the estate of property seized to satisfy a tax lien." 103 S.Ct. at 2315, 2316. Consequently, the relief now sought by the debtor in this action is predicated on the change of

law worked by the decision in the *Whiting Pools* case, *supra.*

This court has conducted its hearing on the complaint now before the court on August 9, 1983, whereupon the parties respectively appeared by counsel and it was established that, although the Internal Revenue Service has not yet sold the real property in question pursuant to the district court's order, it proposes to do so on August 16, 1983, only a few days hence. According to the contentions of the debtor, moreover, which have not been contradicted by the Internal Revenue Service, it is within the realm of possibility that the property could be sold for only a fraction of its realizable value, thus imposing a loss upon the chapter 11 estate of a manifold character, involving not only the loss of value of the property but an increased tax liability as well. It was further the contention of the debtor that it had made substantial payments against the existing tax liability. The contentions of the respondent, on the other hand, were (1) that the bankruptcy court now lacks jurisdiction of any action to recover the property in question and (2) that the matter is *res judicata* in view of the unappealed final decision of the district court which has already determined that the real property is not "property of the estate."

The question which is decisive of both contentions raised by the respondent is whether there is any available avenue of relief by means of which the debtor may lay claim to the property despite the final judgment of the district court. There can, it seems, be no dissent from the proposition that that decision is *res judicata,* even though the current law of the land is contrary to it. And this court can certainly be regarded as having no power to disturb any decision of the district court. Accordingly, the appropriate inquiry must be addressed to whether there is a viable procedure for relief in a court which would have power to grant relief from the judgment. Ordinari-

---

1. This case has been temporarily referred to the undersigned because of the illness of Chief Bankruptcy Judge Frank P. Barker, Jr., who ordinarily has exercised the jurisdiction of the bankruptcy court with respect to this case.

ly, it is said that a mere change in the law upon which a federal court decision has been based is not grounds for relief from that judgment under Rule 60 of the Federal Rules of Civil Procedure. "Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal ... Nor is a change in the judicial view of applicable law after a final judgment sufficient basis for vacating such judgment entered before announcement of the change." *Title v. United States*, 263 F.2d 28, 31 (9th Cir.1959). But a well-established exception to this general rule exists with respect to an order or decree of a court of equity which is prospective in its application. Section 60(b)(5) of the Federal Rules of Civil Procedure pertinently provides for relief from judgment when "it is no longer equitable that the judgment should have prospective application." It is said that, under this rule, as to an order having continuing prospective application, "(a) subsequent modification or extension of the law by authoritative judicial decision may render the continuance of the injunction (or other equitable order having prospective application) inequitable and, if it does, a party should be granted appropriate relief from the continuing effect of the injunction (or other similar order)." 7 Moore's Federal Practice para. 60.26(4), pp. 335, 336 (1982). It would seem from outer appearances, at least, that the final order of the district court has prospective and continuing application in that it recognizes a levy or lien of the Internal Revenue Service which continues to keep the property out of the chapter 11 estate. See 7 Moore's Federal Practice para. 60.26(4), p. 337, to the following effect:

"(T)he chief applicability of (b)(5) will be to injunctions of a continuing nature. But the breadth of (b)(5) is broad and encompasses any *final* judgment having prospective application. Under the Rule it is not necessary to determine whether the judgment would formerly have been a judgment at law or a decree in equity; the crucial issues are whether the judgment has prospective application and whether it is no longer equitable that it have such application. Thus 60(b)(5) is applicable to a declaratory judgment insofar as the judgment, like a continuing injunction, operates prospectively. When it is inequitable that a judgment should continue to be a lien on the judgment debtor's property, relief from the lien may be given. And in any other situation when the judgment has prospective application relief may be given from its prospective features when subsequent events make it no longer equitable that the judgment have prospective application."

See also *United States v. Georgia Power Co.*, 634 F.2d 929, 934 (5th Cir.1981) ("(G)iven otherwise appropriate circumstances, a significant modification in decisional law will permit the district court in its sound discretion to prospectively modify a permanent injunction under Rule 60(b)(5)."). It appears from these authorities that relief may be sought by the debtor by way of a motion for relief from judgment under Rule 60(b)(5), F.R.Civ.P., in the district court and that such relief may be accorded, in the discretion of that court[2], when it has been held by the Supreme Court in *United States v. Whiting Pools, Inc., supra*, 103 S.Ct. at 2317, that the law now "requires the (Internal Revenue) Service to seek protection of its interest according to the congressionally established bankruptcy procedures, rather than by withholding the seized property from the debtor's efforts to reorganize." As to the substantive relief which the debtor seeks, therefore, it appears that it must be remitted to its remedies in the district court, whose judgment this court may not disturb.

■ But the modification of the governing law on the basis of an authoritative Supreme Court decision now creates in the

**2.** "The decision to grant or deny relief under Fed.R.Civ.P. 60(b) is committed to the discretion of the trial court ... In general, it is more convenient for motions for relief from judgment to be addressed to the court which entered the judgment." *Fuhrman v. Livaditis*, 611 F.2d 203, 204 (7th Cir.1979).

debtor a right of some appreciable worth and merit to make that request before the district court. The "equitable right" to do so is a part of the chapter 11 estate. See section 541 of the Bankruptcy Code.[3] Although that right had little or no value prior to the decision in the *Whiting Pools* case, *supra*, it now is a right appearing to have more than inconsequential value. And it is the bankruptcy court which has jurisdiction over the property of the estate, wherever located, and which is charged with the duty of issuing the orders, decrees and judgments necessary to the protection of that property. See, e.g., *Diners Club, Inc. v. Bumb,* 421 F.2d 396, 398 (9th Cir. 1970), to the following effect:

"Upon the filing of the petition, all property in the possession of the debtor passed into the custody of the reorganization court, and became subject to its authority and control. In the exercise of its jurisdiction over the debtor's property, the court had power to issue injunctions and all other writs necessary to protect the estate from interference, and to ensure its orderly administration .... This ancillary jurisdiction of the reorganization court flows not only from express provisions of statute, ... but from the inherent power of a court of equity to protect its control of a res in its custody .... It extends to the stay of proceedings in other courts ... whenever such stays are necessary to conserve the assets of the estate ... or to prevent interference with the orderly rehabilitation of the debtor corporation ... It is not limited by the federal anti-injunction act ... but may be exercised in the sound discretion of the reorganization judge."

See also *Securities & Exch. Com'n v. Wencke,* 622 F.2d 1363, 1370, 1371 (9th Cir. 1980), to the effect that the issuance of stays by a federal court in bankruptcy proceedings "does not depend on specific congressional authorization such as that contained in the Bankruptcy Act." It is accordingly incumbent upon this court to enjoin the proposed sale of August 16, 1983, until the debtor can move the district court for relief from its judgment and obtain a ruling thereon. Otherwise, with the consummation of the proposed sale, irreparable harm will be done to the chapter 11 estate. The stay thus imposed may and should be surrounded by appropriate conditions. "The Supreme Court has repeatedly emphasized the broad equitable powers of the federal courts to shape equitable remedies to the necessities of particular cases, especially where a federal agency seeks enforcement in the public interest." 622 F.2d at 1371. Accordingly, the pending sale will be enjoined on condition that the debtor files with the district court its appropriate motion for relief from the judgment of January 18, 1982, within 20 days hereof, or within such additional time as this court may grant for exceptional circumstances demonstrated in writing during that same 20 days. And the injunction may continue, of course, otherwise until a ruling on the motion for relief is rendered by the district court.

For the foregoing reasons, it is hereby

ORDERED, ADJUDGED AND DECREED that the respondent be, and it is hereby, enjoined from consummating the sale proposed to take place on August 16, 1983, on condition that the debtor, within 20 days of the date of entry of this decree or within such additional time as the court may grant for exceptional circumstances shown in writing during the same 20 days, files an appropriate motion for relief from judgment in the district court. This decree will remain in effect until failure of the

---

**3.** The provisions of section 541 limit property of the estate to the "legal and equitable interests" of the debtor as they existed at the commencement of the title 11 case. The right to move for relief from judgment may be regarded as a lesser included right with respect to the original request for a turnover order. But, when the debtor has a reasonable chance of prevailing, as in the case at bar, it is a recognizable property right which merits the protection of the bankruptcy court. It is well established that the bankruptcy court has the power and duty to enjoin disposition of assets held by third parties pending a determination of the estate's right to turnover. See, e.g., 2 Collier Bankruptcy Practice Guide para. 39.03(2), p. 39–7 (1982).

aforesaid condition or ruling by the district court or until further order of this court or the district court.